UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

       Plaintiffs,                      Case No.: 8:24-cv-01667-SDM-UAM

v.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

       Defendants.
_____/

**DEFENDANT PACIFIC LOCK COMPANY'S MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT
AND INCORPORATED MEMORANDUM OF LAW**

      Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, Defendant, Pacific Lock Company ("PACLOCK"), moves to dismiss the entire Complaint filed by Plaintiffs, Ronald H. Lee, II ("Lee") and Proven Industries, Inc. ("Proven"), for failure to state any claim upon which relief can be granted. Alternatively, PACLOCK moves, pursuant to Rule 12(e), Federal Rules of Civil Procedure, for the Court to order Plaintiffs to provide a more definite statement of Counts I, II, and III of the Complaint because the allegations in those counts are so vague that PACLOCK cannot reasonably prepare a response.

      1.    Now is the time to determine if any of Plaintiffs' claims should proceed. If Plaintiffs' claims truly have merit, now is the time for that to be revealed.

1

2. Count IV of Plaintiffs' Complaint is obviously barred by Florida's statute of limitations (in addition to being based on a demonstrably false allegation) based on the Complaint's express allegations. The Complaint alleges that the tortious interference by "Defendants" occurred in April 2020. Yet, Plaintiffs did not file their Complaint until July 15, 2024. Thus, the Complaint itself establishes that Plaintiffs' tortious interference claim was not brought within four (4) years as required by Section 95.11(3)(n), Florida Statutes, and should be dismissed with prejudice.

3. Plaintiffs' first three claims (Count I – Breach of the MNDA, Count II -- Violation of the federal Defend Trade Secrets Act ("DTSA"), and Count III -- Florida's Uniform Trade Secrets Act ("FUTSA")) disguise their lack of factual and legal merit by omitting necessary factual allegations. The Complaint omits allegations of what the "confidential information" and "Trade Secrets" are, to whom and when such information was disclosed, and what PACLOCK did to misuse that supposedly confidential and secret information. Without such core allegations, those counts each fail to plausibly state a claim for which relief can be granted and must be dismissed.

4. Additionally, the Complaint's Prayer for Relief asks this Court to preliminarily and permanently enjoin PACLOCK from engaging in activities relating to a particular "trailer coupler lock" without alleging any factual or legal basis for such injunctions. Accordingly, Plaintiffs' request for injunctive relief should be dismissed.

5. Alternatively, if the Court does not dismiss Counts I, II, and III, PACLOCK requests that this Court order Plaintiffs to file a more definite statement of its claims in those counts to identify with specificity the alleged "confidential information" or "Trade Secrets" allegedly misused by PACLOCK and explain <u>how</u> PacLock used or otherwise misappropriated any of Plaintiffs' supposed "confidential information" and/or "Trade Secrets".

WHEREFORE, PACLOCK respectfully requests this Court to: (A) dismiss the Complaint as to PACLOCK; (B) alternatively order Plaintiffs to file a more definite statement of their claims against PacLock set forth in Counts I, II, and III; and (C) grant all such further relief as this Court deems appropriate and just.

## MEMORANDUM OF LAW

In accordance with Local Rule 3.01, PACLOCK submits this memorandum of law in support of its Motion to Dismiss the entire Complaint and Alternative Motion for More Definite Statement of Counts I, II, and III.

### I. INTRODUCTION

There is no time like the present to determine if Plaintiff has any viable claims. There is no point in "kicking the can down the road" or putting off until later what can be decided now. PACLOCK knows that Plaintiffs' claims against it entirely lack merit, should never have been brought, and should all be dismissed. If Plaintiffs can actually allege the facts needed to maintain any of their claims, they should be ordered to do so now. If they cannot, much time and effort will be saved.

First, Count IV (tortious interference) is patently and fatally defective. The Complaint itself establishes that Count IV is barred by Florida's four (4) year statute of limitations and should be dismissed with prejudice. The Complaint alleges that "Defendants"" alleged tortious interference occurred in April 2020, but the Complaint was not filed until July 15, 2024, well over four (4) years later. Thus, the Complaint establishes on its face that Plaintiffs' tortious interference claim was not brought within four (4) years as required by Section 95.11(3)(n), Florida Statutes.

Plaintiffs' remaining claims, based on PACLOCK allegedly misusing Plaintiffs' "confidential information" or "Trade Secrets" rely on vague and conclusory allegations and lack critical facts needed to plausibly state a claim.

Count I (breach of contract) fails to allege: (a) <u>what</u> "confidential information" Plaintiff Lee disclosed to PACLOCK, that PACLOCK then "used" in violation of the Mutual Non-Disclosure Agreement ("MNDA"), or (b) <u>how</u> PACLOCK "used" Lee's unidentified "confidential information" in breach the MNDA. Without such core allegations, Count I fails to state a claim.

Counts II and III (alleged violations of the DTSA and FUTSA, respectively) also fail to state a claim upon which relief can be granted. The Complaint fails to: (a) define or otherwise identify any alleged "Trade Secrets"; (b) allege facts establishing that any of the "Trade Secrets" meet the statutory definitions of protectable trade secrets; (c) identify <u>what</u> "Trade Secrets" PACLOCK allegedly misappropriated; (d) allege <u>which of Plaintiffs</u> owned the "Trade Secrets" allegedly misappropriated by

4

PACLOCK; or (d) allege <u>how</u> PACLOCK allegedly "used" or otherwise misappropriated any alleged "Trade Secret".

Alternatively, in the event that this Court does not dismiss Count I, Plaintiff Lee should be ordered to file a more definite statement of his breach of contract claim to expressly allege: (a) <u>what</u> alleged "confidential information" Lee provided to PACLOCK under the MNDA and (b) <u>how</u> PACLOCK "used" such "confidential information" in breach of the MNDA.

Similarly, if the Court does not dismiss Counts II and III, Plaintiffs should amend those counts to: (a) identify the alleged "Trade Secrets" misappropriated by PACLOCK; (b) allege facts establishing that such "Trade Secrets" meet the statutory definitions of protectable trade secrets; (c) identify which of the Plaintiffs owned the "Trade Secrets" allegedly misappropriated by PACLOCK; and (d) explain what PACLOCK allegedly did that constitutes misappropriation of such "Trade Secrets".

## II. THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST PACLOCK FOR WHICH RELIEF CAN BE GRANTED

None of the four (4) counts of the Complaint plausibly state a claim for which relief can be granted. The fatal defects of each are described below.

### A. <u>Count IV Fails to State a Claim for Tortious Interference</u>.

Count IV, purporting to assert a claim for tortious interference, must be dismissed because it is barred by Florida's four (4) year statute of limitations. Count IV alleges that "Defendants' interference" with Plaintiffs' "Patent Agent", occurred

5

"about a year" after Mr. Waugh allegedly sent "an email dated 4/19/2019".[1] Complaint, paras. 31 and 33. Thus, the alleged tortious interference occurred in "about" April of 2020. Because Plaintiffs did not file their Complaint until July 15, 2024, the Complaint itself establishes that Plaintiffs' tortious interference claim was not brought within four (4) years.

Florida's Statute of Limitations, codified at Section 95.11(3)(n), Florida Statutes, provides that an action for an intentional tort (except for certain torts not at issue) must be commenced within four (4) years. *See JERMC Ltd. v. Town of Redington Shores*, 2020 U.S. Dist. LEXIS 72538, *8 (M.D. Fla. April 24, 2020) (dismissing with prejudice tortious interference claim where the complaint was not filed within four-year statute of limitations). Therefore, Plaintiffs' tortious interference claim against PACLOCK is barred by Section 95.11(3)(n), Florida Statutes, and must be dismissed with prejudice. *See id*.

---

[1] As a factual matter, the core allegations in Count IV are **false**. Count IV, paragraph 70, identifies Peter Ganjian as the "Patent Agent" with whom "Defendants" interfered. Attached as Exhibit A to this Motion is the Declaration of Peter Ganjian (the "Ganjian Dec.") in which Mr. Ganjian swears:

> Paragraph 71 of the Complaint **falsely asserts** that Defendants, Pacific Lock Company and Gregory B. Waugh, demanded that I cease representing Plaintiffs, Ronald Lee, II and Proven Industries, Inc. in my capacity as a patent agent.

Ganjian Dec., para. 4 (emphasis added). The Ganjian Dec also establishes that neither of the Defendants "ever demanded, requested, or even suggested" that Mr. Ganjian cease representing either of the Plaintiffs. *Id*. at para. 5. Defendants' undersigned counsel provided the Ganjian Dec to Plaintiffs' counsel more than two weeks before filing this Motion.

### B. Count I Fails to State a Claim For Breach of the MNDA.

Although Count I of the Complaint purports to state a claim by Plaintiff Lee against PACLOCK for breaching the MNDA, it fails to plausibly do so. One cannot discern from Count I what "confidential information" Lee disclosed to PACLOCK, which PacLock then allegedly used in breach of the MNDA. Nor can one discern how PacLock allegedly used Lee's alleged (but unidentified) "confidential information" in any way that would breach the MDNA. Without such allegations, Count I fails the standard required to state a claim. "The complaint's factual allegations 'must be enough to raise a right to relief above the mere speculative level'" and "cross 'the line from conceivable to plausible.'" *Gordon Food Serv. v. Price Armstrong, LLC*, 2021 U.S. Dist. LEXIS 255820 *8 (M.D. Fla. July 8, 2021), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

The merely conclusory allegations of Count I make its failings clear:

> 46.   PacLock's actions constitute a material breach by PacLock of Section 2 of the NDA.

> 47.   PacLock's actions constitute a material breach by PacLock of Section 7 of the NDA.

Nowhere in Count I are "PacLock's actions" specified. However, based on the preceding paragraphs 44 and 45 of the Complaint, it is clear that PACLOCK's alleged breaches must somehow involve misuse of Lee's "confidential information".

7

1. <u>Lee's "confidential information" is not identified</u>.

Count I nowhere defines or identifies the "confidential information" Lee alleged provided to PACLOCK under the MDNA, which PACLOCK then allegedly misused in breach of the MDNA. Looking at the 41 paragraphs of allegations incorporated by reference into Count I, only adds to the mystery as to what "confidential information" Lee can plausibly assert he provided to PACLOCK and which PACLOCK then misused in breach of the MNDA.

The best information Plaintiffs provide is found in paragraph 1 of the Complaint, which alleges in relevant part:

> Lee disclosed to <u>Defendants</u> ... confidential <u>and proprietary</u> information <u>involving the components of a trailer coupler trailer lock</u> designed by Lee along with <u>market analysis and data research regarding this nascent market niche</u>....

(Emphasis added).  At least four separate problems exist with this allegation.

First, it does not allege what "confidential and proprietary information" Lee supposedly provided to PACLOCK, as opposed to Defendant Gregory B. Waugh. The MDNA is only between Plaintiff Lee and PACLOCK.  Mr. Waugh is not a party to the MNDA, is not bound by its terms, and is not being sued for allegedly breaching it. *See* Complaint [Doc. #1-1], paras. 42-49; Ex. A [Doc. #1-4].  This point is critical because confidential protections do not extend to information disclosed to third parties who have no duty of non-disclosure or confidentiality. *See Hoover Panel Sys. v. Hat Contract*, 2021 U.S. Dist. LEXIS 239482, *21 (N.D. Tex. Nov. 4, 2021).

8

Second, paragraph 1 does not allege what information Lee disclosed is "confidential" as opposed to merely "proprietary." This is a distinction with a material difference. Count I of the Complaint expressly alleges that PACLOCK breached the MDNA by both "using the confidential information" (para. 44) and by doing some unspecified act "based on or derived from the confidential information." One cannot discern what information Lee allegedly provided to PACLOCK was "confidential" and implicated in Count I and what information was merely "proprietary" and not the subject of Count I.

Third, one cannot discern what "information involving the components of a trailer coupler trailer lock" is plausibly "confidential". Paragraph 27 of the Complaint alleges that Proven (not Lee) began purchasing "hidden shackle padlocks from PacLock for incorporation into the 2516 Lock manufactured by Proven" in 2014. Thus, we know the "hidden shackle padlocks" supplied by PACLOCK cannot plausibly be the components about which Lee disclosed "confidential information" to PACLOCK.

Nor can any other components comprising Proven's alleged "2516 Lock" be plausibly confidential. Exhibit B to the Complaint [Doc. #1-5] is alleged to be "a drawing of the 2516 Lock" as described by Lee <u>to Waugh</u> in confidence." Complaint, para. 23 (emphasis added). Such information is <u>not</u> alleged to have been disclosed by Lee to PACLOCK. Further, Exhibit B expressly states that it is the "sole property of <u>Proven Industries</u>" -- not Lee -- and is dated "4/22/2016". (Emphasis added). Thus,

9

the information disclosed on Exhibit B cannot plausibly be Lee's "confidential information" at issue in Count I.

Moreover, information that can be gleaned from a product on sale or publicly available cannot be "confidential".[2] *See Hoover,* 2021 U.S. Dist. LEXIS 239482, *7-8 ("Products containing any alleged information lost their protection when the Parties introduced them into the public market"); *Vibraderm, Inc. v. Multiderm*, 2008 U.S. Dist. LEXIS 138793, *6 (N.D. Tex. March 26, 2008)(the "design, features, and engineering" of a physical product "is not confidential information, since a consumer is free to disassemble a device to discern its design."). Paragraphs 28 and 29 of the Complaint reveal that Proven sold the 2516 Lock through at least 2019. Thus, information about the components of the 2516 Lock cannot plausibly be confidential for this reason as well.

There is yet another reason information about the components of the 2516 Lock cannot plausibly be confidential. Detailed information about the components of Plaintiffs' 2516 Lock were filed in this Court long before PACLOCK's alleged breach. In 2019, Plaintiffs were both sued in this Court by Gushill Industries, Inc. ("Gushill") for patent infringement.[3] On December 26, 2019, Gushill filed a claim chart with detailed photographs and descriptions of the components of Proven's product accused of infringing Gushill's patent (Exhibit D to Gushill's First Amended

---

[2] Certainly, Plaintiffs' public filing of Exhibit B forever forecloses an argument that any of the information shown on Exhibit B is "confidential information".
[3] *Gushill Industries, Inc. v. Proven Industries, Inc. and Ronald James Lee, II*, Case No. 8:19-cv-02770-SDM-AEP.

10

Complaint [Doc. #15, pp. 29-44]).[4] Proven's product shown on Exhibit D of Gushill's First Amended Complaint includes the very same components depicted on Exhibit B of Plaintiffs' Complaint in this case. Thus, nothing shown in Exhibit D of Gushill's First Amended Complaint could be "confidential information" after 2019. *See Wellcare Health Plans, Inc. v. Preitauer*, 2012 U.S. Dist. LEXIS 76920, *10 (M.D. Fla. May 23, 2012)(publicly accessible information "cannot constitute a trade secret").

The 2019 date is critical to why Count I does not plausibly state a claim. No later than 2019, information regarding the components of the 2516 Lock (regardless of which Plaintiff allegedly owned such information") was no longer confidential. The Complaint alleges at paragraph 34 that PACLOCK did not start selling its "trailer coupler lock" until September of 2023. By that date, any information about the "components" of the 2516 Lock had been in the public domain for at least four (4) years and would not be protectable under the MNDA.

Fourth, the Complaint does not plausibly allege that the "market analysis and data research" regarding a "trailer coupler trailer lock" is "confidential information" that PACLOCK allegedly misused in breach of the MNDA. The Complaint's only other reference to this type of information is found in paragraphs 22 and 29:

> 22. On or about August 27, **2014**, in a telephone conversation with Lee at his business office in Palmetto, Florida, Lee described, in confidence, **to Defendants** the 2516 Lock, including the full faceplate,

---

[4] Exhibit B to this Motion is a copy of Gushill's First Amended Complaint.

11

>    the 1/4" thick slide and the market for the 2516 Lock as well as <u>market data and projections</u> for this nascent and untapped market niche.
>
>    …
>
>    29. During this time frame [fourth quarter 2016 "until 2019"], **<u>Defendants gleaned</u>** additional confidential <u>and proprietary</u> information within the protective umbrella of the NDA related to Lee's 2516 Lock <u>unit volume and price margins</u> along with <u>other confidential and proprietary</u> market data.

(Emphasis added).

The allegations in paragraphs 22 and 29 disprove the plausibility that "market analysis and data research" regarding a "trailer coupler trailer lock" could be the "confidential information" at issue. It is not plausible that PACLOCK used "market data and projections" from 2014 for an "untapped market" <u>nine (9) years later</u> in 2023, when PACLOCK is alleged to have done something that breached the MNDA. *See* Complaint, paras. 34-39. Moreover, the MNDA only protects information that Lee "provides" to PACLOCK (not Mr. Waugh) and not information that "Defendants glean[]". This is especially true because the Complaint alleges that PACLOCK sold the actual lock component for the 2516 Lock (*see* Complaint, para. 28) and, therefore, knew the "2516 Lock unit volume" as well as the price of that major component. The price at which Proven sold the 2516 Lock is also public and not plausibly "confidential information".

All of the above makes clear that the Complaint never plausibly alleges what "confidential information": (a) Lee owned and allegedly disclosed to PACLOCK; and (b) PACLOCK allegedly misused in breach of any obligation under the MNDA.

    2. <u>"PacLock's actions" are not identified</u>.

The second critical failing of Count I is the failure to allege what PACLOCK did that allegedly breached the MNDA. Count I never describes or identifies those actions. Nor is Count I saved by incorporating the Complaint's preceding 41 paragraphs. Plaintiff Lee is not permitted to play "hide the ball" or make PACLOCK guess as to what it is of doing. Lee's failure to do so results in Count I failing to state a claim for which relief can be granted. It should be dismissed.

### C. Count II Fails to State a Claim Under the DTSA.

Count II of the Complaint, purporting to assert a claim under the DTSA, fails to state a claim for which relief can be granted for two separate reasons.

First, the Complaint fails to define the capitalized term "Trade Secrets" as used in Count II and does not otherwise allege that any information of either Plaintiff constituted a "trade secret" protected by the DTSA. Although paragraph 52 of the Complaint alleges in merely conclusory fashion that "Plaintiffs own, have, maintain, and continue to have and maintain Trade Secrets", those alleged "Trade Secrets" are not described or identified in any way. Plaintiffs' sparce and conclusory allegations are not enough.

A complaint <u>must</u> allege ultimate facts that provide the defendant notice of what allegedly constitutes a trade secret.

> While [the plaintiff] is not required to identify the alleged trade secrets with 'particularity', it must allege sufficient facts to plausibly show a trade secret was involved and … give the defendant notice of the material it claims constituted a trade secret.

13

*Gordon,* 2021 U.S. Dist. LEXIS 255820, *16 (dismissing DTSA claim where complaint failed to allege any facts suggesting documents were a trade secret).

Second, the Complaint fails to allege how PACLOCK used any of the alleged, but unidentified, "Trade Secrets". The Complaint's only allegations about PACLOCK's use or misappropriation of Plaintiffs' alleged "Trade Secrets" are in paragraphs 54 and 56 and lump PACLOCK together with Defendant Mr. Waugh in merely conclusory fashion:

> 54. The <u>Defendants</u> acquired, used, and disclosed the Plaintiffs' Trade Secrets under circumstances that imposed duties on <u>Defendants</u> to maintain the secrecy of those Trade Secrets, and to preclude the use of these Trade Secrets by anyone other than Plaintiffs.
> . . .
> 56. <u>Defendants</u> have misappropriated the Plaintiffs' Trade Secrets. This misappropriation has damaged Plaintiffs.

(Emphasis added). The Complaint's failure to allege facts explaining how PACLOCK "used" or "misappropriated" the alleged "Trade Secrets" is a fatal flaw. *See Gordon,* 2021 U.S. Dist. LEXIS 255820, *16 (DTSA claim dismissed because Complaint did not allege how defendants used the trade secrets).

For both of these reasons, Count II of Plaintiffs' Complaint fails to state a claim for which relief can be granted.

**D. Count III Fails to State a Claim Under the FUTSA.**

Count III of the Complaint, which purports to assert a claim under the FUTSA, similarly fails to state a claim for which relief can be granted for the very same two separate and independent reasons. The Complaint itself could not be more

14

clear on this point. Paragraph 61 of the Complaint expressly alleges in relevant part: **"the facts underlying this claim are <u>the same</u> as those facts underlying the preceding DTSA claim."** (Emphasis added). Thus, Count III of the Complaint: (a) fails to define the capitalized term "Trade Secrets" and does not otherwise allege that any information of either Plaintiff constituted a trade secret; and (b) fails to allege how PACLOCK used any of the alleged, but unidentified "Trade Secrets".

As with claims under the DTSA, plaintiffs asserting claims under FUTSA "must allege sufficient facts to plausibly show a trade secret was involved and … give the defendant notice of the material it claims constituted a trade secret." *Gordon*, 2021 U.S. Dist. LEXIS 255820, *16 (dismissing FUTSA claim because the complaint failed to allege any facts suggesting documents were a trade secret). For a FUSTA claim, a plaintiff must also explain how the defendant used the purported trade secrets. *Id*. Failure to meet these basic requirements merits dismissing a FUSTA claim. *Id*.

For both of these reasons, Count III fails to state a claim for which relief can be granted and should be dismissed.

### III. PLAINTIFFS' REQUEST FOR INJUCTIVE RELIEF AGAINST PACLOCK SHOULD BE DISMISSED

In Plaintiff's "Prayer for Relief" at the close of their Complaint, they ask this Court to enter a preliminary and permanent injunction against PACLOCK. No allegations in the Complaint would support such an injunction and, if all the claims

against PACLOCK are not dismissed, Plaintiffs' request for an injunction against it should be dismissed. Specifically, Plaintiffs' request this Court to enter:

> a preliminary and permanent injunction enjoining Defendants from directly or indirectly making, using, selling and offering to sell any trailer coupler lock that includes a full faceplate and a 1/4" thick slider or in any further way exploiting Plaintiffs' confidential and proprietary Trade Secrets.

Complaint, p. 16.

Plaintiffs' Complaint lacks any allegations of ultimate fact against PACLOCK that would support entry of a preliminary or permanent injunction against it. The last paragraph of Count I contains bare and conclusory allegations of only two of the elements for injunctive relief: "Plaintiffs are without an adequate remedy at law, and are suffering irreparable harm from Defendants' misappropriation." Complaint, para. 58. None of the remaining three counts asserted even mention, say nothing of adequately alleging the required elements for, preliminary or permanent injunctive relief. Moreover, it would not matter if one or more of those counts did mention injunctive relief. As set forth above, none of the causes of action state a claim for which relief can be granted.

Given that the Complaint utterly fails to allege any facts to support Plaintiffs' requested preliminary and permanent injunction, the Court should dismiss that request for injunctive relief in the event that it does not dismiss all the of the Complaint. *See CHHJ Franchising LLC v. Spaulding,* 2024 U.S. Dist. LEXIS 10506,

*20-21 (M.D. Fla. January 22, 2024) (dismissing request for preliminary and permanent injunctive relief).

## IV. ALTERNATIVELY, THIS COURT SHOULD ORDER PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT OF THEIR CLAIMS IN COUNTS I, II, AND III.

As set forth above in great detail, Plaintiffs failed to allege the following key facts with the specificity required to put PACLOCK on notice as to the basis for its claims under Counts I, II, and III of the Complaint:

(a) what "confidential information" owned by Plaintiff Lee was provided to and misused by PACLOCK in alleged breach of the MNDA;

(b) what PACLOCK allegedly did with such "confidential information" to breach the MNDA;

(c) what information owned by which Plaintiff constitutes a protectable trade secret under the DTSA and FUTSA;

(d) what trade secret(s) owned by which Plaintiffs were misappropriated by PACLOCK (as opposed to Mr. Waugh); and

(e) what actions of PACLOCK are asserted to have constituted misappropriation of trade secrets under the DTSA and FUTSA.

Due to the Complaint's lack of allegations on these key points, PACLOCK is unable to reasonably prepare a response to Plaintiffs' claims in Counts I, II, and III. If those counts are not dismissed, the Court should order Plaintiffs to file a more definite statement of its claims in those counts to include at least the critical information identified above. *See Earley v. Liberty Life Assur. Co. of Boston*, 2013 U.S. Dist. LEXIS

17

99147, *4-5 (M.D. Fla. July 16, 2013)(granting motion for more definite statement in light of conclusory allegations); *Floyd v. First Fla. Credit Union*, 2009 U.S. Dist. LEXIS 136976, *4 (M.D. Fla. April 29, 2009)(granting motion for more definite statement to resolve ambiguities).

## V. CONCLUSION

The Court should determine that Florida's statute of limitations, codified at Section 95.11(3)(n), Florida Statutes, bars Plaintiffs' claim for tortious interference in Count IV. This Court should also determine that Plaintiffs' claims against PACLOCK in Counts I, II, and III of the Complaint each fail to state a claim for which relief can be granted because they each lack sufficient allegations of material fact to plausibly establish their respective claims. Accordingly, this Court should dismiss the Complaint in its entirety and dismiss Count IV with prejudice.

In the event that this Court does not dismiss Counts I, II, and III, the Court should order Plaintiffs to file a more definite statement of its claims in those counts.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2024, I filed and true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Frank R. Jakes (frankj@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashle Drive, Suite 3100, Tampa, Florida 33602.

                                           */s/ Richard E. Fee*
                                           Richard E. Fee
                                           Florida Bar No. 813680
                                           Kathleen M. Wade
                                           Florida Bar No. 127965
                                           FEE & JEFFRIES, P.A.
                                           1227 N. Franklin Street
                                           Tampa, Florida 33602
                                           (813) 229-8008
                                           (813) 229-0046 (Facsimile)
                                           rfee@feejeffries.com
                                           kwade@feejeffries.com
                                           bszabo@feejeffries.com

                                           *Lead Trial Counsel for Defendants, Pacific Lock Company a/k/a* PACLOCK *and Gregory B. Waugh*