UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

       Plaintiffs,                 Case No.: 8:24-cv-01667-SDM-UAM

v.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

       Defendants.
_____/

**DEFENDANT GREGORY B. WAUGH'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, Defendant, Gregory B. Waugh, moves to dismiss the claims against him in the Complaint filed by Plaintiffs, Ronald H. Lee, II and Proven Industries, Inc., for lack of personal jurisdiction over Mr. Waugh and for failure to state any claim upon which relief can be granted:

1. All the claims in Plaintiffs' Complaint against Mr. Waugh (Counts II, III, and IV) are fatally defective and should be dismissed with prejudice.

2. First, this Court clearly lacks personal jurisdiction over Mr. Waugh, a California resident with no ties to Florida or this District. The Complaint fails to adequately plead any basis for the Court to assert personal jurisdiction over Mr. Waugh and no such basis exists.

1

3. Second, if this Court does not dismiss Mr. Waugh from this case based on the lack of personal jurisdiction over him, the counts against him should be dismissed for failing to state any claim upon which relief can be granted.

4. It is clear that Count IV, which purports to assert a claim for tortious interference, must be dismissed because it is barred by the statute of limitations. The Complaint alleges that Mr. Waugh's alleged tortious interference occurred in April 2020, but Plaintiffs did not file their Complaint until July 15, 2024. Thus, the Complaint establishes that Plaintiffs' tortious interference claim was not brought within four (4) years as required by Section 95.11(3)(n), Florida Statutes.

5. Count IV, which purports to assert a claim for tortious interference, must be dismissed because it is barred by the statute of limitations. The Complaint alleges that Mr. Waugh's alleged tortious interference occurred in April 2020, but Plaintiffs did not file their Complaint until July 15, 2024. Thus, the Complaint establishes that Plaintiffs' tortious interference claim was not brought within four (4) years as required by Section 95.11(3)(n), Florida Statutes.

6. The misappropriation of trade secret claims against Mr. Waugh (Counts II and III for violation of the federal Defend Trade Secrets Act and Florida's Uniform Trade Secrets Act, respectively) fail adequately identify any alleged trade secrets or even allege that any of Plaintiffs' information constitutes a trade secret. Nor does the Complaint allege any ultimate facts explaining how Mr. Waugh used or otherwise misappropriated any trade secret.

7. Additionally, although the Complaint's Prayer for Relief asks this Court to preliminarily and permanently enjoin Mr. Waugh from engaging in activities relating to a particular "trailer coupler lock", it fails to allege any factual or legal basis for such an injunction. Accordingly, Plaintiffs' request for such relief should be dismissed in the event that this Court does not dismiss all the claims against Mr. Waugh with prejudice.

8. Mr. Waugh is entitled to an award of his reasonable attorneys' fees and costs under both the Defend Trade Secrets Act ("DTSA") and Florida's Uniform Trade Secrets Act ("FUTSA") because they were asserted against him in bad faith.

9. Mr. Waugh engaged the law firm of Fee & Jeffries, P.A. to represent and vindicate his interests in this case and is obligated to pay his counsel a reasonable attorneys' fee.

WHEREFORE, Mr. Waugh respectfully requests this Court to dismiss with prejudice Counts I, II, and III of the Complaint as to him, award to him and against Plaintiffs his reasonable attorneys' fees and costs and grant all such further relief as this Court deems appropriate and just.

## MEMORANDUM OF LAW

In accordance with Local Rule 3.01, Mr. Waugh submits this memorandum of law in support of his Motion to Dismiss.

### I. INTRODUCTION

Plaintiffs' claims against Mr. Waugh (Counts II, III, and IV) should all be dismissed with prejudice. The Complaint fails to establish that this Court possesses

personal jurisdiction over Mr. Waugh and, as a factual and legal matter, it does not. For this reason alone, the case against him should be dismissed with prejudice.

Count IV, which purports to assert a claim for tortious interference, must be dismissed because it is barred by the statute of limitations. The Complaint alleges that Mr. Waugh's alleged tortious interference occurred in April 2020. Plaintiffs' Complaint was not filed until July 15, 2024. Thus, the Complaint establishes on its face that Plaintiffs' tortious interference claim was not brought within four (4) years as required by Section 95.11(3)(n), Florida Statutes.

Plaintiffs' DTSA and FUTSA trade secret claims (Counts II and III) against Mr. Waugh should also be dismissed. The Complaint fails to adequately identify any of Plaintiffs' alleged trade secrets at issue. Nor does it even allege ultimate facts establishing that any of Plaintiffs' information constitutes a trade secret or that Mr. Waugh misappropriated any trade secret.

Finally, Plaintiffs seek preliminary and permanent injunctive relief against Mr. Waugh without any alleging any factual or legal basis for such relief. Plaintiffs' request for injunctive relief should be dismissed as well.

## II.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AGAINST MR. WAUGH FOR LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction over Mr. Waugh. Plaintiffs' Complaint fails to allege any ultimate facts that would support this Court's exercise of personal

jurisdiction over Mr. Waugh. Moreover, even if the Complaint contained such allegations, no factual basis exists to support personal jurisdiction in this Court.

### A. General Principles of Personal Jurisdiction

The legal principles of personal jurisdiction are well settled. "Personal jurisdiction 'concern[s] the extent of a court's power over the parties and fairness of requiring a party to defend itself in a foreign forum.'" *Gurba v. PeoplesBank,* 2022 U.S. Dist. LEXIS 231235, *26 (M.D. Fla. Dec. 23, 2022) (dismissing complaint against individual defendants for lack of personal jurisdiction), quoting *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F. 2d 843, 857 (11th Cir. 1988). For this reason, "[a] court must dismiss an action against a defendant over which it lacks personal jurisdiction." *Gurba,* 2022 U.S. Dist. LEXIS 231235 at *26.

The complaint itself must allege facts establishing the existence of personal jurisdiction over a defendant. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient material facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009) (affirming dismissal of defendant for lack of personal jurisdiction).

The Eleventh Circuit Court of Appeals applies a two-part inquiry to determine if personal jurisdiction exits over a nonresident defendant:

> [1] First we must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, [2] then we must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of

fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment.

*Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (holding that trial court lacked personal jurisdiction over some defendants), quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945).

The Eleventh Circuit sets out four (4) important principles regarding the application of Florida's long-arm statute. First, "Florida's long-arm statute is to be strictly construed." *Sculptchair,* 94 F.3d at 627. Second, "the plaintiff bears the burden of proving personal jurisdiction." *Id.* Third, "When a defendant raises through affidavits, documents, or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* Fourth, "Specific personal jurisdiction analysis requires evaluation of each count in a complaint."[1] *Diamond Resorts U.S. Collection Dev., LLC v. Neally,* 2022 U.S. Dist. LEXIS 104665, *16 (M.D. Fla. Jan. 27, 2022) (dismissing tort claims against defendants for lack of personal jurisdiction).

If Florida's long-arm statute is not satisfied, the Court need not inquire as to whether the requirements of due process are met. The Court should dismiss the Complaint. *Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1319 (11th Cir. 2006) (affirming dismissal based on lack of personal jurisdiction); *Diamond Resorts,* 2022 U.S. Dist. LEXIS 104665 at *23.

---

[1] The Complaint relies only on specific, as opposed to general, personal jurisdiction.

### B. The Complaint Does Not Sufficiently Allege Personal Jurisdiction Over Mr. Waugh Under Florida's Long-Arm Statute

Paragraphs 7, 8, and 11 of the Complaint contain all of Plaintiff's allegations regarding this Court's personal jurisdiction over Mr. Waugh. Those paragraphs combine and conflate Defendant Pacific Lock, Inc. ("PACLOCK") and Mr. Waugh:

> 7. At all times material, Defendants have conducted all business dealings and communications regarding sales of Paclock products for Proven's trailer coupler locks, directly with Lee, who is located in this judicial district.
>
> 8. As alleged in greater detail below, Paclock, under the direction of Waugh, has engaged in tortious conduct directed toward Plaintiffs in this judicial district, and Paclock has breached a contract with Lee in this judicial district.
>
> …
>
> 11. Accordingly, *__Paclock__* **engages in business in the State of Florida** within the meaning of Fla. Stat. § 49.193(2), and/or has **otherwise engaged in conduct submitting Waugh** and Paclock **to the personal jurisdiction of this Court** pursuant to Fla. Stat. § 48.192(1)(a)(1)[2] by committing a tortious act against Plaintiffs within the State by misappropriating the confidential and proprietary information and trade secrets disclosed to Defendants under the NDA; pursuant to Fla. Stat. § 48.193(1)(a)(6) by causing injury to Plaintiffs through Defendants misappropriation in California and failure to maintain and protect the confidentiality of Plaintiffs' confidential and proprietary information and trade secrets while simultaneously manufacturing products used within the State of Florida.

---

[2] Plaintiffs' citation to "Fla. Stat. § 48.192(1)(a)(1)" appears to be a misnomer. There is no Section 48.192, Florida Statutes, and it is Section 48.193(i)(a)(2) that provides for jurisdiction over a person for a cause of action arising from "(c)ommitting a tortious act within" Florida.

7

The "meat and potatoes" of Plaintiffs' personal jurisdiction allegations against Mr. Waugh are set forth in paragraph 11 of their Complaint. It specifically alleges that "**Paclock engaged in conduct** submitting Waugh… to the personal jurisdiction of this Court". (Emphasis added). Nowhere is it alleged that Mr. Waugh engaged in actions submitting himself to personal jurisdiction.

1. <u>Florida's Corporate Shield Doctrine Protects Mr. Waugh Against the Exercise of Personal Jurisdiction Over Him</u>.

Florida's corporate shield doctrine precludes the Court from exercising personal jurisdiction over Mr. Waugh for acts committed in furtherance of PACLOCK's business. *See The Okavage Group, LLC v. United Wholesale Mortgage, LLC,* 2022 U.S. Dist. LEXIS 133516, *22-23 (M.D. Fla. July 27, 2022). "Florida's corporate shield doctrine precludes the exercise of personal jurisdiction over a nonresident corporate employee sued individually for conduct performed in his corporate capacity." *Id.* at *23. "The corporate shield doctrine does not protect a corporate officer who commits intentional torts, such as fraud or other intentional misconduct. The next question, therefore, is whether the … complaint sufficiently states a cause of action for an intentional tort." *Id.* at *24-25. If, however, the Complaint does not sufficiently state a cause of action for an intentional tort, then the corporate shield doctrine precludes the Court from exercising personal jurisdiction over the defendant. *Id.*

"Preliminarily, '[i]n Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm-statute, the court must determine

8

whether the allegations of the complaint state a cause of action.'" *Gurba*, 2022 U.S. Dist. LEXIS 231235 at *33, quoting *PVS Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 538 F.3d 802, 808 (11th Cir. 2010). If the Complaint does not state a cause of action for an intentional tort, the mere assertion of such a claim does "not trigger the tortious act provision of Florida's long-arm statute." *Anderson v. Talentsy, Inc.,* 599 F. Supp. 3d 1207, 1215 (M.D. Fla. 2022) (dismissing complaint against defendants for lack of personal jurisdiction because complaint failed to sufficiently allege facts for the tort claim). As addressed below in section III, the Complaint does not state a claim for an intentional tort by Mr. Waugh. Therefore, the corporate shield doctrine precludes the assertion of personal jurisdiction over him. *Id*.

    2. <u>The Complaint's Allegations are Insufficient to Establish Personal Jurisdiction Over Mr. Waugh Under Florida's Long-Arm Statute</u>.

Even if the Complaint's jurisdictional allegations are interpreted as saying Mr. Waugh **personally** (rather than in his capacity as a corporate officer of PACLOCK) engaged in the alleged actions or the corporate shield doctrine does not apply, those allegations are still insufficient under Florida's long-arm statute.

Plaintiffs first attempt long-arm jurisdiction over Mr. Waugh under Section 48.193(1)(a)(2), Florida Statutes, by alleging "[c]ommitting a tortious act within this state by misappropriating confidential and proprietary information disclosed under the NDA." Mr. Waugh, however, is <u>not</u> a party to the alleged "NDA", which is

9

attached to the Complaint as Exhibit A [Doc. #1-4].[3] Nor would a breach of the NDA by Mr. Waugh constitute a tort (as opposed to a breach of contract) even if he were a party to it. Neither can Plaintiffs allege that Mr. Waugh allegedly misappropriated Mr. Lee's supposed trade secrets *in Florida*, as required under Section 48.193(1)(a)(2). Immediately following the allegation regarding the NDA, Plaintiffs expressly allege that "Defendants' misappropriation" occurred "*in California*". See Complaint, para. 11 (emphasis added). Thus, the Complaint does not allege long-arm jurisdiction over Mr. Waugh under Section 48.193(1)(a)(2).

Nor does the Complaint allege ultimate facts giving rise to long-arm jurisdiction over Mr. Waugh under Section 48.193(1)(a)(6), Florida Statutes. Plaintiffs' attempt at alleging personal jurisdiction over Mr. Waugh under Section 48.193(1)(a)(6) fails for two reasons.

First, "Section 48.193(1)(a)(6) 'applies only when a defendant's out-of-state actions cause **personal injury or damage to physical property** in the State of Florida' and does not apply when only economic injuries are alleged." *Diamond Resorts,* 2022 U.S. Dist. LEXIS 104665 at *22 (emphasis added), quoting *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 736 (11th Cir. 2018); *see also Pro Music Rights, LLC v. Meijer, Inc.,* 2021 U.S. Dist. LEXIS 4963, *8 (M.D. Fla. Jan. 11, 2021)("[T]he Florida Supreme Court has decided a purely economic injury of the sort alleged here

---

[3] Rather, the "Recipient" under that agreement is "Pacific Lock, Inc." Indeed, Plaintiff has not sued Mr. Waugh under the "NDA", although Plaintiff Ronald Lee, II, did sue PacLock in Count I for breach of the NDA. See Complaint [Doc. #1-1], p. 11 and p. 16 at B).

10

cannot confer jurisdiction over [defendant] under this provision."). The Complaint does not allege that either Plaintiffs suffered personal injury or damage to physical property in Florida as a result of anything Mr. Waugh did. Therefore, the Complaint fails to allege any facts justifying the application of Section 48.193(1)(a)(6) in this case.

Second, Section 48.193(1)(a)(6), Florida Statutes, requires more than that the defendant commits an act outside the State of Florida "causing injury to persons or property within this state". Plaintiffs appear to try and fit Mr. Waugh into Section 48.193(1)(a)(6)(b) by alleging the acts occurred "while simultaneously manufacturing products used within the State of Florida." The Complaint, however, never alleges that Mr. Waugh, personally, manufactured products used in Florida (or anywhere else). Nor could Plaintiffs allege in good faith he did so. Rather, Plaintiffs' Complaint expressly and repeatedly alleges that **PacLock** manufactures such products. *See* Complaint [Doc. # 1-1], paras. 1, 9, 10, and 34 - 36. For this reason, the Complaint also fails to allege long-arm jurisdiction over Mr. Waugh under Section 48.193(1)(a)(6), Florida Statutes.

Even if the Court interprets paragraph 11 of the Complaint to facially allege long-arm jurisdiction over Mr. Waugh under Section 48.193(1)(a)(2) or (6), the Complaint fails to allege sufficient ultimate facts under either subsection. Although the Complaint frequently lumps Mr. Waugh and PACLOCK together and makes general allegations as to "Defendants", only one act is attributable to Mr. Waugh –

11

sending "an email dated 4/19/2019 to Lee at his Palmetto, Florida offices." This allegation cannot support long-arm jurisdiction.

While "committing a tortious act in Florida may occur through the nonresident defendant's telephonic, electronic, or written communications into Florida …**[t]he cause of action must arise from the communications**." *Gurba,* 2022 U.S. Dist. LEXIS 231235 at *34 (emphasis added). None of the tort claims asserted against Mr. Waugh are alleged to "arise from" that email.

>   3.  <u>Mr. Waugh Lacks Any Ties to Florida which would Subject Him to General Personal Jurisdiction in this Court</u>.

Mr. Waugh lacks any ties to the State of Florida that would make the assertion of general personal jurisdiction over him comport with due process. As established by the Declaration of Gregory B. Waugh ("Waugh Dec.") attached to this Motion as Exhibit A, Mr. Waugh:

>   (1)   resides in California;
>   (2)   has never lived in Florida;
>   (3)   does not own or lease any property in Florida;
>   (4)   has no accounts at any bank or financial institution in Florida;
>   (5)   is not registered to vote in Florida;
>   (6)   does not have a Florida driver's license;
>   (7)   has never registered a car in Florida;
>   (8)   has never solicited business from anyone in Florida in his individual capacity;
>   (9)   has never entered into any contracts in his individual capacity with any Florida resident;
>   (10)  does not own a Florida business;
>   (11)  is not an employee or director of any Florida business;
>   (12)  has never had a personal or business office in Florida;
>   (13)  does not maintain any records for any business in Florida; and
>   (14)  does not receive income from any Florida business.

No facts exist that subject Mr. Waugh to general personal jurisdiction in Florida.

### III. THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST MR. WAUGH FOR WHICH RELIEF CAN BE GRANTED

None of the three counts of the Complaint asserted against Mr. Waugh state a claim for which relief can be granted. The fatal defects of each are described below.

#### A. **Count IV Fails to State a Claim for Tortious Interference.**

Count IV, which purports to assert a claim for tortious interference, must be dismissed because it is barred by Florida's four (4) year statute of limitations. Count IV alleges that "Defendants' interference" with Plaintiffs' "Patent Agent", occurred "about a year" after Mr. Waugh allegedly sent "an email dated 4/19/2019".[4] *See* Complaint, paras. 31 and 33. Thus, the alleged tortious interference occurred in "about" April 2020.  Because Plaintiffs did not file their Complaint until July 15, 2024, the Complaint itself establishes that Plaintiffs' tortious interference claim was not brought within four (4) years.

---

[4] As a purely factual matter the allegations in Count IV are **false**. Count IV, paragraph 70, identifies Peter Ganjian as the "Patent Agent" with whom "Defendants" interfered. Attached as Exhibit B to this Motion is the Declaration of Peter Ganjian (the "Ganjian Dec.") in which Mr. Ganjian swears:

> Paragraph 71 of the Complaint **falsely asserts** that Defendants, Pacific Lock Company and Gregory B. Waugh, demanded that I cease representing Plaintiffs, Ronald Lee, II and Proven Industries, Inc. in my capacity as a patent agent.

Ganjian Dec., para. 4 (emphasis added). The Ganjian Dec also establishes that neither of the Defendants "ever demanded, requested, or even suggested" that Mr. Ganjian cease representing either of the Plaintiffs.  *Id*. at para. 5. Defendants' undersigned counsel provided the Ganjian Dec to Plaintiffs' counsel more than two weeks before filing this Motion.

Florida's Statute of Limitations, codified at Section 95.11(3)(n), Florida Statutes, provides that an action for an intentional tort (except for certain torts not including tortious interference) must be commenced within four (4) years. See *JERMC Ltd. v. Town of Redington Shores*, 2020 U.S. Dist. LEXIS 72538 *8 (M.D. Fla. April 24, 2020) (dismissing with prejudice tortious interference claim where complaint not filed within four-year statute of limitations). Therefore, Plaintiffs' claim against Mr. Waugh for tortious interference is barred by Section 95.11(3)(n), Florida Statutes, and must be dismissed with prejudice. *See Id*.

### B. Count II Fails to State a Claim Under the DTSA.

Count II of the Complaint, purporting to assert a claim under the DTSA, fails to state a claim for which relief can be granted for two separate reasons.

First, the Complaint fails to define the capitalized term "Trade Secrets" as used in Count II and does not otherwise allege that any information of either Plaintiff constituted a "trade secret" protected by the DTSA. Although paragraph 52 of the Complaint alleges in merely conclusory fashion that "Plaintiffs own, have, maintain, and continue to have and maintain Trade Secrets", those alleged "Trade Secrets" are not described or identified in any way. Plaintiffs' sparce and conclusory allegations are not enough.

A complaint must allege ultimate facts that provide notice to the defendant of what allegedly constitutes a trade secret. "While [the plaintiff] is not required to identify the alleged trade secrets with 'particularity', it must allege sufficient facts to plausibly show a trade secret was involved and … give the defendant notice of the

14

material it claims constituted a trade secret." *Gordon Food Serv., Inc. v. Price Armstrong, LLC,* 2021 U.S. Dist. LEXIS 255820, *16 (M.D. Fla. July 8, 2021) (dismissing DTSA claim where complaint failed to allege any facts suggesting documents were a trade secret).

Second, the Complaint fails to allege how Mr. Waugh used any of the alleged, but unidentified "Trade Secrets". The Complaint's only allegations about Mr. Waugh's use or misappropriation of Plaintiffs' alleged "Trade Secrets" are in paragraphs 54 and 56 and lump Mr. Waugh together with Defendant PACLOCK in merely conclusory fashion:

> 54. The Defendants acquired, used, and disclosed the Plaintiffs' Trade Secrets under circumstances that imposed duties on Defendants to maintain the secrecy of those Trade Secrets, and to preclude the use of these Trade Secrets by anyone other than Plaintiffs.
> . . .
> 56. Defendants have misappropriated the Plaintiffs' Trade Secrets. This misappropriation has damaged Plaintiffs.

The Complaint's failure to allege facts explaining how Mr. Waugh "used" or "misappropriated" the alleged "Trade Secrets" is a fatal flaw. *See Gordon,* 2021 U.S. Dist. LEXIS 255820 at *16 (DTSA claim dismissed because Complaint did not allege how defendants used the trade secrets).

Without these key fact allegations, Count II fails the standard required to state a claim. "The complaint's factual allegations 'must be enough to raise a right to relief above the mere speculative level'" and "cross 'the line from conceivable to plausible.'" *Gordon Food Serv. v. Price Armstrong, LLC*, 2021 U.S. Dist. LEXIS 255820

15

*8 (M.D. Fla. July 8, 2021), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Thus, Count II of Plaintiffs' Complaint fails to plausibly state a claim for which relief can be granted.

### C. Count III Fails to State a Claim Under the FUTSA.

Count III of the Complaint, which purports to assert a claim under the FUTSA, similarly fails to plausibly state a claim for which relief can be granted for the very same two separate and independent reasons. The Complaint itself could not be more clear on this point. In paragraph 61, the Complaint expressly alleges in relevant part: **"the facts underlying this claim are <u>the same</u> as those facts underlying the preceding DTSA claim."** (Emphasis added). Thus, Count III of the Complaint: (a) fails to define the capitalized term "Trade Secrets" and does not otherwise allege that any information of either Plaintiff constituted a trade secret; and (b) fails to allege how Mr. Waugh used any of the alleged, but unidentified "Trade Secrets".

As with claims under the DTSA, plaintiffs asserting claims under FUTSA "must allege sufficient facts to plausibly show a trade secret was involved and … give the defendant notice of the material it claims constituted a trade secret." *Gordon*, 2021 U.S. Dist. LEXIS 255820 at *16 (dismissing FUTSA claim because the complaint failed to allege any facts suggesting documents were a trade secret). For a FUSTA claim, a plaintiff must also explain how the defendant used the purported

16

trade secrets. *Id*. Failure to meet these basic requirements merits dismissing a FUSTA claim. *Id*.

For both of these reasons, Count III of Plaintiffs' Complaint also fails to plausibly state a claim for which relief can be granted.

## IV. PLAINTIFFS' REQUEST FOR INJUCTIVE RELIEF AGAINST MR. WAUGH SHOULD BE DISMISSED

In Plaintiff's "Prayer for Relief" at the close of their Complaint, Plaintiffs ask this Court to enter a preliminary and permanent injunction against Mr. Waugh. No allegations in the Complaint would support such an injunction and, if all the claims against Mr. Waugh are not dismissed with prejudice, Plaintiffs' request for an injunction against him should be dismissed.

Specifically, Plaintiffs' request this Court to enter:

a preliminary and permanent injunction enjoining Defendants from directly or indirectly making, using, selling and offering to sell any trailer coupler lock that includes a full faceplate and a 1/4" thick slider or in any further way exploiting Plaintiffs' confidential and proprietary Trade Secrets.

Complaint, p. 16. Plaintiffs' requested injunction in its "Prayer for Relief" parrots its request for an injunction against "Defendants" in Count I, which count is <u>not</u> asserted against Mr. Waugh, but only against Paclock. *See Id*. at para. 49.

Plaintiffs' Complaint is utterly devoid of any allegations against Mr. Waugh that would support entry of a preliminary or permanent injunction against him. None of the three counts asserted against Mr. Waugh even mention, say nothing of adequately alleging the required elements for, preliminary or permanent injunctive

17

relief. Moreover, it would not matter if one or more of those counts did mention injunctive relief. As set forth above, none of the three causes of action directed to him state a claim for which relief can be granted.

Given that the Complaint utterly fails to allege any facts to support Plaintiffs' requested preliminary and permanent injunction against Mr. Waugh, the Court should dismiss that request for injunctive relief in the event that it does not dismiss all the counts against him with prejudice. *See CHHJ Franchising LLC v. Spaulding,* 2024 U.S. Dist. LEXIS 10506, *20-21 (M.D. Fla. January 22, 2024) (dismissing request for preliminary and permanent injunctive relief).

## V. THIS COURT SHOULD AWARD MR. WAUGH HIS REASONABLE ATTORNEYS' FEES AND COSTS

Both the DTSA and FUTSA provide for an award of reasonable attorneys' fees if a claim of misappropriation of trade secrets is made in bad faith. *See* 18 U.S.C. § 1836(b)(3)(D), and Section 688.005, Florida Statutes.

The evidence of Plaintiffs' bad faith in suing Mr. Waugh in this Court for misappropriation of trade secrets is as follows:

- ■ there is no actual or even alleged factual basis for suing Mr. Waugh in this Court (under any cause of action);

- ■ Plaintiffs failed to allege facts identifying their alleged trade secrets;

- ■ Plaintiffs failed to allege any facts about how Mr. Waugh allegedly misappropriated or "used" their unidentified trade secrets.

More than two (2) weeks before filing this Motion, Defendants' undersigned counsel raised the first two issues with Plaintiffs' counsel and asked that Mr. Waugh be

18

dismissed or, at a minimum, that Plaintiffs amend the Complaint to identify the alleged trade secrets at issue. Plaintiffs refused. See August 1-2, 2024, email exchange between Richard E. Fee and Frank R. Jakes attached to this Motion as Exhibit C.

In short, it is clear from the Complaint that Plaintiffs lacked any good faith basis in law or fact to assert their misappropriation of trade secret claims against Mr. Waugh. This Court should, therefore, determine that the Plaintiffs' claims against Mr. Waugh for misappropriation of trade secrets under the DTSA and FUTSA were brought in bad faith and award him his reasonable attorneys' fees incurred in defending against those claims.

## V. CONCLUSION

It is clear that this Court lacks personal jurisdiction over Mr. Waugh under Florida's long-arm statute and that Plaintiffs' Complaint fails to allege otherwise. Nor does Mr. Waugh have any ties to the State of Florida that would make the assertion of general personal jurisdiction over him comport with due process. It is also clear that none of the causes of action Plaintiffs assert against Mr. Waugh state a claim for which relief can be granted. Accordingly, this Court should dismiss Plaintiffs' Complaint as to Mr. Waugh with prejudice.

Additionally, the Court can and should determine that Plaintiffs' claims against Mr. Waugh in Counts II and III of the Complaint, for misappropriation trade secrets under the DTSA and FUTSA, were made in bad faith and award to Mr. Waugh and against Plaintiffs, his reasonable attorneys' fees and costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2024, I filed and true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Frank R. Jakes (frankj@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashle Drive, Suite 3100, Tampa, Florida 33602.

/s/Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Lead Trial Counsel for Defendants, Pacific Lock Company a/k/a PACLOCK and Gregory B. Waugh*