UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD LEE, II, and
PROVEN INDUSTRIES, INC.,

    Plaintiffs,

v.                                Case No. 8:24-cv-1667-SDM-LSG

PACIFIC LOCK COMPANY a/k/a
PACLOCK and
GREGORY B. WAUGH,

    Defendants.
_____/

## ORDER

The plaintiffs, Ronald Lee, II and Proven Industries, Inc., move to seal deposition excerpts and exhibits that they intend to submit in opposition to defendant Gregory Waugh's motion to dismiss. Doc. 30. The defendants file no response.[1] Because the motion fails to establish an adequate basis for sealing those items, the motion to seal is **DENIED**.

### I.    BACKGROUND

The plaintiffs sue defendants Pacific Lock Company a/k/a PACKLOCK and Gregory Waugh for injunctive and other relief based on an alleged breach of a

---

[1] The motion contains no certificate of good faith conference as required by Local Rule 3.01(g), which alone is a basis to deny the motion to seal. The substance of the motion suggests that the defendants want the items sealed and therefore that the motion is unopposed. However, the defendants offer no additional basis to seal the items aside from the plaintiffs' argument.

mutual non-disclosure agreement; violation of the federal Defend Trade Secrets Act and the Florida Uniform Trade Secrets Act; and tortious interference with business relationships. Doc. 1. The parties entered a confidentiality agreement on October 3, 2024. Doc. 30-3. The agreement describes how the parties may challenge a confidentiality designation and the permissible disclosure of confidential material. Doc. 30-3, p. 7–13. The agreement says that it does not independently authorize sealing and that all motions to seal must comport with Local Rule 1.11. Doc. 30-3, p. 7. Paragraph 11 of the confidentiality agreement states that the parties "agree to cooperate in an attempt to remove confidential designations or redact sensitive information in order to avoid the need to file documents under seal." Doc. 30-3, p. 7.

The defendant Gregory Waugh moved to dismiss on August 16, 2024. Doc. 16. In his motion, Waugh seeks dismissal under Rule 12(b), Federal Rules of Civil Procedure, for lack of personal jurisdiction and for failure to state any claim upon which relief can be granted. Doc. 16. The plaintiffs assert that they "served jurisdictional discovery requests" ahead of preparing a response to Waugh's motion, to which the defendants "produced responsive documents, many of which were designated as 'Confidential'" under the parties' agreement, including "certain positions of the transcript of Waugh's deposition." Doc. 30, p. 2–3. The plaintiffs explain that, despite cooperation, "in an attempt to remove confidential designations . . . to avoid the need to file documents under seal," the defendants "continue to maintain their 'confidential' designations" on the items at issue, thus necessitating the plaintiffs' motion. Doc. 30, p. 3. The plaintiffs claim that the items proposed for

sealing bear on issues central to defendant Waugh's motion to dismiss. The plaintiffs submit this motion to seal so they may include the items to support their response to the pending motion to dismiss.

## II.  LEGAL AUTHORITY

Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common law right of access to the courts' operation is an "essential component of our justice system," which allows the public an opportunity to inspect or copy public records as well as view civil and criminal proceedings. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). This right of access generally applies to public pleadings and substantive pretrial motions, including complaints, exhibits, and material filed in support of motions. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *McKesson Glob. Sourcing Ltd. v. M.C. Johnson Co., Inc.*, No. 2:21-cv-782-JES-NPM, 2022 WL 2238346, at *1 (M.D. Fla. Jun. 22, 2022) (citations omitted). However, this right is not absolute. "A party's privacy or proprietary interest in [court] information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. A party may overcome the public's right to access court records by showing good cause, which may stem from the party's need for the information at issue. *Id*. Good cause "generally signifies a

3

sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355.

To determine whether sealing is appropriate, the Court must "balance the respective interests of the parties" and the public. *Chicago Tribune Co.*, 263 F.3d at 1313; *see also In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1653 (N.D. Ga. 2002) ("[E]ven where no third party challenges a protective order, '[t]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). [She] may not rubber stamp a stipulation to seal the record.'") (citations omitted). To balance these interests, the Court must

> consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. The parties may tip this balance by establishing a "clearly defined and serious injury" that will imminently result from disclosure. *Myers v. Provident Life and Accident Ins. Co.*, No: 8:19-cv-724-CEH-CPT, 2024 WL 4289635, at *2 (M.D. Fla. Sept. 25, 2024).

"Whether documents may be filed under seal is a separate issue from whether the parties may agree that [a document is] confidential" under a stipulated confidentiality agreement. *LSM Tech. Pty. Ltd. v. The Sy-Klone Co., LLC*, No. 3:22-cv-1019-BJD-MCR, 2022 WL 18492524, at *1 (M.D. Fla. Oct. 26, 2022). The parties

4

may stipulate to protective agreements that designate certain materials as confidential to limit "the need to litigate the claim to protection document by document" and expedite or postpone "the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co.*, 263 F.3d at 1307; *see also* FED. R. CIV. P. 26(c). Like protective orders entered by the Court under Rule 26(c), stipulated confidentiality agreements may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by limiting disclosure or discovery. *See* FED. R. CIV. P. 26(c); *see also Procaps S.A. v. Patheon Inc.*, No. 2-24356-Civ, 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013). Such agreements are effective and enforceable once reduced to writing and signed without any endorsement from the Court. *Gurzi v. Penn Credit, Corp.*, No. 6:19-cv-823-ORL-31EJK, 2019 WL 8273647, at *1 (M.D. Fla. Dec. 30, 2019); *Elser v. John C. Heath, Attorney at Law, PLLC*, No. 5:17-cv-326-Oc-39PRL, 2017 WL 10861314, at *1 (M.D. Fla. 2017). However, if a party designates an item as confidential under such an agreement, submission of the item with a substantive motion does not automatically forgo the designation or bar disclosure. *Chicago Tribune Co.*, 263 F.3d at 1313. The same balancing test must weigh "the [filing] party's interest in obtaining access against the other party's interest in keeping the information confidential." *Id*. (explaining that the same balancing test of Rule 26 applies to challenges of the common law right of access to items designated as confidential.)

      The Middle District of Florida prohibits sealing information through "a confidentiality agreement, a protective order, a designation of confidentiality, or a

stipulation." Local Rule 1.11(a). The Court requires that the parties provide "a reason sufficiently compelling to overcome the presumption of public access" to justify sealing any docketed item used to resolve a claim. *Id.* Thus, a party moving to file something under seal must submit a motion and legal memorandum describing the items and establishing "(A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory." Local Rule 1.11(b). Failure to satisfy the criteria of Local Rule 1.11 risks denial without prejudice. *LSM Tech. Pty. Ltd.*, 2022 WL 18492524, at *2 (denying a motion to seal without prejudice where the movant failed to establish sealing was necessary under Local Rule 1.11 or why redaction was unavailable).

### III.  ANALYSIS

The plaintiffs assert that they "do not believe" sealing the items is necessary. Doc. 30, p. 3, 4. I agree. Furthermore, neither the plaintiffs nor the defendants provide good cause to overcome the common law right of access or establish that sealing is necessary under Local Rule 1.11.

Paragraph 11 of the confidentiality agreement instructs that the parties must mitigate the need for filing under seal through discussion and redaction of the items at issue. Doc. 30-3, p. 7. Paragraph 11 also states that "a party wishing to file under seal a document containing Confidential Information must move the Court for permission to do so in compliance with all applicable rules and procedures, in particular Local Rule 1.11 effective April 1, 2024." Doc. 30-3, p. 7. Under the parties'

6

agreement, they must redact confidential information before submitting items to the Court or moving to file the items under seal. In other words, the parties have two choices under their agreement: (1) redact items used for substantive motions or (2) move to file under seal.

The existence of a confidentiality agreement does not automatically prohibit the use of confidential information in court filings. *See Chicago Tribune Co.*, 263 F.3d at 1307; *LSM Tech. Pty. Ltd.*, 2022 WL 18492524, at *1. While such an agreement can limit disclosure of private or proprietary information, the use of the item matters. *Chicago Tribune Co.*, 263 F.3d at 1312 ("[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right, and we so hold.") Furthermore,

> Local Rule 1.11(a) makes clear that parties' agreements do not authorize sealing. On the contrary, [t]he parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access. Thus, the fact of the parties' confidentiality agreement does not constitute good cause.

*Myers*, 2024 WL 4289635, at *2 (citations omitted). The confidentiality agreement's requirement of redaction or sealing, absent more, does not constitute good cause sufficient to overcome the right of access. *See id*. The parties have not otherwise established that sealing is necessary.

Here, the plaintiffs request an order sealing twelve items, including excerpts from the defendant Waugh's October 18, 2024, deposition transcript and deposition Exhibits 4 and 7. Doc. 30, p. 2. Exhibit 4 is an email sent by defendant Waugh to

7

three of PACKLOCK's "high level" employees "regarding the company's internal reasoning and strategy for the creation of proposed new products." Doc. 30-5, pg. 2. Exhibit 7 contains an incomplete email exchange between defendant Waugh and one of PACKLOCK's distributors "regarding the timing and strategy for the launch of, and proposed pricing for, a new series of PACLOCK products." Doc. 30-5, p. 2. The deposition transcript excerpts pertain to ownership of PACKLOCK, contents of the emails in Exhibits 4 and 7, and other aspects of the defendants' business. Doc. 30-5.

    Neither the plaintiffs nor the defendants offer any reason why filing these items under seal is necessary in accord with Local Rule 1.11(b)(3)(B). Rather, the motion rests entirely on the defendants' designations under the parties' confidentiality agreement.

    "Establishing necessity 'is no idle requirement' because the public docket 'should not be riddled with sealed documents, and it certainly should not be riddled with sealed documents that are unnecessary to the court's resolution of this case.'" *Beneficial Blends, LLC v. Cargill*, No. 8:24-cv-1535-SDM-AAS, 2024 WL 4556121, at *2 (M.D. Fla. Oct. 23, 2024) (citations omitted). Further, conclusory statements or arguments do not establish good cause under the Rule 26(c) balancing test. *See id*. The party seeking the sealing of an item must provide specific information and explanation supporting the argument in favor of sealing. *See id*.; *Rodriguez v. Magic Burgers, LLC*, No. 6:19-cv-1656-CEM-LRH, 2021 WL 3017528, *2 (M.D. Fla. March 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the

parties' confidentiality agreement falls short of rebutting the presumption in favor of openness...."); *Day v. Barnett Outdoors, LLC*, No. 8:16-cv-2480-T-27MAP, 2017 WL 10275971, *3 (M.D. Fla. Aug. 23, 2017) ("Because the commercially sensitive nature of the information is the only basis [the defendant] provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause[.]").

The plaintiffs provide only conclusory statements based on the language of the parties' confidentiality agreement to support the motion. The defendants offer nothing either, having failed to respond and provide further rationale for sealing. Likewise, the parties fail to establish that sealing is necessary or that disclosing the items at issue would actually "harm legitimate privacy interests" of the defendants. Therefore, the parties cannot tip the balance in favor of sealing the proposed items and cannot satisfy Local Rule 1.11(b)(3)(B). *Romero*, 480 F.3d at 1245–46; *Chicago Tribune Co.*, 263 F.3d at 1313; *Myers*, 2024 WL 4289635, at *2.

Furthermore, neither the plaintiffs nor the defendants sufficiently explain why redaction, partial sealing, or other means are unavailable or unsatisfactory for the items at issue. The plaintiffs assert only that the defendants failed to redact (or did not approve redacted versions of) the items subject to the motion to seal. Doc. 30. The party seeking to seal an item must explain why alternative means to sealing under Local Rule 1.11(b)(3)(C) are unavailable or unsatisfactory. *See LSM Tech. Pty. Ltd.*, 2022 WL 18492524, at *2. Thus, the parties fail to satisfy Local Rule 1.11(b)(3)(C).

## IV. CONCLUSION

Accordingly, I find that sealing is unnecessary based on the plaintiffs' argument and the defendants' silence. The plaintiffs' "Motion to seal deposition excerpts and certain exhibits," Doc. 30, is **DENIED**. The defendants may file a motion to seal that comports with Local Rule 1.11 no later than November 27, 2024, absent which the plaintiffs may file the documents on the public docket.

**ORDERED** in Tampa, Florida on November 21, 2024.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge