## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

Case No.: 8:24-cv-01667-SDM-UAM

       Plaintiffs,

v.

Pacific Lock Company, a/k/a Paclock,
and Gregory B. Waugh,

       Defendants.

_____/

## DEFENDANT PACIFIC LOCK COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Pacific Lock Company, a/k/a Paclock ("Paclock"), answers and assert affirmative defenses to the Complaint of Plaintiffs, Ronald Lee, II ("Lee") and Proven Industries, Inc. ("Proven") as follows:

### NATURE OF THE ACTION

1. Admitted that the Complaint is a civil action seeking various relief against Defendants. The remaining allegations are denied.

### PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Admitted for subject matter jurisdictional purposes only.

7. Admitted that Paclock communicated with Proven regarding Proven's purchase of Paclock products. Denied that Mr. Waugh engaged in such communications in his individual capacity. As to the remaining allegations, without knowledge, therefore denied.

8. Denied.

9. Denied.

10. Admitted that Paclock operates a website located at www.paclock.com. Paclock cannot discern the meaning of the remaining allegation that Paclock "actively sells products to Florida residents directly, through distributors and retailers located in the State of Florida", which allegation appears to Paclock to be internally contradictory. Therefore, Paclock cannot answer it.

11. Paclock admits that it is subject to personal jurisdiction in Florida for purposes of this case. The remaining allegations are denied.

12. Admitted that venue is proper.

13. Without knowledge, therefore denied.

## FACTUAL BACKGROUND

14. The first sentence is admitted. As to the remaining allegations, the Mutual Non-Disclosure Agreement attached to the Complaint as Exhibit A (the "NDA") speaks for itself.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied, although Paclock understands that Lee and Proven merely copied, marketed, and sold a trailer coupler lock that had been patented by GusHill Industries.

18. Admitted that Lee contacted Paclock in the summer of 2014 regarding his desire to purchase Proven's lock products, which are commonly referred to as "puck locks". As to the remaining allegations, without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. As to the allegations in the first two sentences, without knowledge, therefore denied. The third sentence is denied.

22. Denied.

23. Admitted that a drawing of the "2516 lock" is attached as Exhibit B to the Complaint. The remaining allegations are denied.

24. Denied.

25. The NDA speaks for itself.

26. The NDA speaks for itself.

27. Admitted that Proven purchased Paclock products in the fourth quarter of 2014. As to the remaining allegations, without knowledge, therefore denied.

28. Admitted.

29. Denied.

30. Admitted that the relationship between Proven and Paclock deteriorated in 2019 when Proven reneged on its purchase agreement with Paclock. As to the third sentence, without knowledge therefore denied. The remaining allegations are denied.

31. Mr. Waugh's April 19, 2019, email to Lee speaks for itself and must be read in the context of the prior communications between them.

32. Denied that Plaintiffs "elected to cease sourcing its puck locks from Defendants". The remaining allegations are too vague for Paclock to either admit or deny them.

33. Denied.

34. Admitted that Paclock began producing and selling its UCS-77S Heavy-Duty Trailer Coupler Lock (the "UCS Lock") in the last half of 2023, more than four (4) years after Plaintiffs' last purchases of any products from Paclock.

35. Admitted that Paclock sold its UCS Locks to 1st-In-Padlocks.com, LLC ("1st-IP ") and that 1st-IP offered UCS Locks for sale on its website. As to the remaining allegations, without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Admitted that photos of a UCS Lock, which appears to have been intentionally damaged (in the photo on p. 6 of 9), are attached as Exhibit D to the Complaint.

38. Paclock is not able to discern what Plaintiff intends by the phrases "full faceplate" and "inner slide" and therefore can neither admit nor deny the allegations in this paragraph.

39. Denied.

40. Admitted that, on February 2, 2024, "intellectual property counsel for Dynamic Manufacturing Group, LLC" sent a cease and desist letter to LMH, LLC falsely accusing it of infringing U.S. Patent No. 11,427,044 by "using, offering to sell and selling" a UCS Lock. Without knowledge therefore denied as to what LMH, LLC did as a result. The remaining allegations are denied.

41. Admitted that Paclock manufactures, markets, offers to sell, and sells its UCS Lock throughout the United States, including in Florida, and that distributors also sell the UCS Lock.

## COUNT I
## BREACH OF CONTRACT BY PACLOCK

42. Paclock incorporates by reference its responses to paragraphs 1 through 41 above.

43. Admitted that Paclock executed the NDA with Lee, a copy of which is attached to the Complaint as Exhibit A, which speaks for itself.

44. The NDA speaks for itself.

45. The NDA speaks for itself.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT II
## VIOLATION OF THE FEDERAL DEFENSE OF TRADE SECRETS ACT

50. Paclock incorporates by reference its responses to paragraphs 1 through 41 above.

51. Admitted that Count II purports to assert a claim under the Federal Defend Trade Secrets Act ("DTSA"), but denied any such claim is properly stated or that Defendants violated the DTSA.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Denied.

55. Denied and affirmatively stated that Plaintiffs never disclosed, and Defendants never acquired or used, any of Plaintiffs' information that would constitute a protectable trade secret.

56. Denied.

57. Denied.

58. Denied.

## COUNT III
## VIOLATION OF THE FLORIDA UNIFORM TRADE SECRETS ACT

59. Paclock incorporates by reference its responses to paragraphs 1 through 41 above.

60. Admitted that Count III purports to assert a claim under Florida's Uniform Trade Secrets Act ("FUTSA"), but denied any such claim is properly stated or that Defendants violated the FUTSA.

61. Admitted for purposes of supplemental jurisdiction only.

62. Denied and affirmatively stated that Plaintiffs never disclosed, and Defendants never acquired or used, any of Plaintiffs' information that would constitute a protectable trade secret.

63. The NDA speaks for itself

64. Denied.

65. Denied and affirmatively stated that Plaintiffs never disclosed, and Defendants never acquired or used, any of Plaintiffs information that would constitute a protectable trade secret.

66. Denied.

67. Denied.

68. Denied.

## COUNT IV
## TORTIOUS INTERFERENCE

69. Paclock incorporates by reference its responses to paragraphs 1 through 41 above.

70. Without knowledge, therefore denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## PLAINTIFFS' PRAYER FOR RELIEF

Denied that Lee and Proven are entitled to any of the relief they request.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As set forth in detail in Paclock's Motion to Dismiss [Dkt. #15], Counts I, II, and III of the Complaint each fail to state a claim upon which relief can be granted because each fail to sufficiently identify: (a) the "confidential information" or "Trade Secrets" allegedly misused by Paclock; and (b) how Paclock allegedly used or otherwise misappropriated any of Plaintiffs' supposed "confidential information" or "Trade Secrets".

### Second Affirmative Defense

Plaintiffs' claim in Count IV is barred by Florida's statute of limitations because it was not brought within four (4) years as required by Section 95.11(3)(n), Florida Statutes.

### Third Affirmative Defense

Any information that was "confidential" or which constituted a protectable trade secret under the DTSA or FUTSA at the time it was acquired by or disclosed to Defendants ceased to be confidential or protectable as a trade secret prior to any use or any act alleged to constitute misappropriation by them because any such

information was publicly known or readily ascertainable by the public through legitimate methods.

**Fourth Affirmative Defense**

Plaintiffs filed the claim in Count IV of their Complaint without a good faith basis in law or evidentiary support. Moreover, before Defendants even responded to the Complaint their counsel provided Plaintiffs' counsel with a sworn declaration from Peter Ganjian, the Patent Agent with whom Plaintiffs allege Defendants tortiously interfered, in which Mr. Ganjian declares that neither Paclock nor Mr. Waugh demanded that he cease representing either of the Plaintiffs as their Patent Agent and further declared that his decision to terminate his representation of Plaintiffs was entirely his own decision that was not influenced in any way by anyone else. For all these reasons, Plaintiffs and their counsel are in violation of Rule 11, Federal Rules of Civil Procedure, and this Court should impose sanctions upon Plaintiffs and their counsel, which sanctions should include a monetary award to Defendants in an amount less than their reasonable attorneys' fees and costs resulting from Plaintiffs' violation.

**Fifth Affirmative Defense**

Plaintiffs possess unclean hands barring them from entitlement to any equitable relief. Plaintiffs copied a preexisting trailer coupler lock that was previously marketed and sold by GusHill Industries and was sued by GusHill for patent infringement in a case filed before this Court. Plaintiffs now falsely and improperly allege in this case that Lee "designed, developed, and commercialized" the very lock

9

he copied from GusHill Industries and also falsely and improperly allege that information regarding the GusHill Industries lock copied by Lee and the potential market created by that lock constitutes Plaintiffs' "confidential information" and trade secrets.

## REQUEST FOR RELIEF AND DEMAND FOR ATTORNEYS' FEES

Paclock respectfully requests that this Court deny Plaintiffs all the relief they request in their Complaint and award to Paclock its reasonable attorneys' fees and costs incurred in connection with this case.

## DEMAND FOR JURY TRIAL

Paclock respectfully requests a trial by jury on all issues so triable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2025, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Frank R. Jakes (frankj@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashley Drive, Suite 3100, Tampa, Florida 33602.

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com
valeshire@feejeffries.com

*Lead Trial Counsel for Defendants,*
*Pacific Lock Company, a/k/a Paclock, and*
*Gregory B. Waugh*