## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,                                    Case No.: 8:24-cv-01667-SDM-UAM


      Plaintiffs,

v.

Pacific Lock Company, a/k/a Paclock,
and Gregory B. Waugh,

      Defendants.

_____/

### DEFENDANT PACIFIC LOCK COMPANY'S ANSWER AND
### AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Pacific Lock Company, a/k/a Paclock ("Paclock"), answers and

assert affirmative defenses to the Amended Complaint of Plaintiffs, Ronald Lee, II

("Lee") and Proven Industries, Inc. ("Proven") as follows:

### NATURE OF THE ACTION

1.     Admitted that the Complaint is a civil action seeking various relief

against Defendants. The remaining allegations are denied.

### PARTIES

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

## JURISDICTION AND VENUE

6.    Admitted for subject matter jurisdictional purposes only.

7.    Admitted that persons at Paclock communicated with persons at Proven regarding Proven's purchase of Paclock products. Denied that Mr. Waugh engaged in most of those communications or that he engaged in any such communications in his individual capacity. Further denied that Lee was the person at Proven with whom persons at Proven exclusively or most often communicated regarding Proven's purchase of Paclock products. As to the remaining allegations, without knowledge, therefore denied.

8.    Denied.

9.    Denied.

10.    Admitted that Paclock operates a website located at www.paclock.com. Paclock cannot discern the meaning of the remaining allegation that Paclock "actively sells products to Florida residents directly, through distributors and retailers located in the State of Florida", which allegation appears to Paclock to be internally contradictory.  Therefore, Paclock cannot answer it.

11.    Paclock admits that it is subject to personal jurisdiction in Florida for purposes of this case.  The remaining allegations are denied.

12.    Admitted that venue is proper.

13.    Without knowledge, therefore denied.

## FACTUAL BACKGROUND

14.    The first sentence is admitted. As to the remaining allegations, the Mutual Non-Disclosure Agreement attached to the Complaint as Exhibit A (the "NDA") speaks for itself.

15.    Without knowledge, therefore denied.

16.    Denied that Lee formed Proven within ten (10) years of the time that his family's trailer was stolen.   As to the remaining allegations, without knowledge, therefore denied.

17.    Denied.

18.    Admitted that Lee contacted Paclock in the summer of 2014 regarding his desire to purchase Paclock's lock products, which are commonly referred to as "puck locks". The allegations in the third sentence are denied. As to the remaining allegations, without knowledge, therefore denied.

19.    Without knowledge, therefore denied.

20.    Without knowledge, therefore denied.

21.    Denied that Mr. Waugh, individually, entered into or was bound by the NDA.  As to the remaining allegations in the first two sentences, without knowledge, therefore denied. The third sentence is denied.

22.    Denied.

23.    Admitted that drawings of the components of one iteration of Proven's "2516 lock" is attached as Exhibit B to the Complaint.  The remaining allegations are denied.

24.    Denied.

25.    The NDA speaks for itself.

26.    Denied and stated that the NDA speaks for itself.

27.    Admitted that Proven purchased Paclock products in the fourth quarter of 2014.  As to the remaining allegations, without knowledge, therefore denied.

28.    Admitted.

29.    Denied.

30.    Admitted that the relationship between Proven and Paclock deteriorated in 2019 when Proven reneged on its purchase agreement with Paclock.  As to the third sentence, without knowledge therefore denied. The remaining allegations are denied.

31.    Mr. Waugh's April 19, 2019, email to Lee speaks for itself and must be read in the context of the prior communications between them.

32.    Denied that Plaintiffs "elected to cease sourcing its puck locks from Defendants". The remaining allegations are too vague for Paclock to either admit or deny them.

33.    Admitted that Paclock began producing and selling its UCS-77S Heavy-Duty Trailer Coupler Lock (the "UCS Lock") in the last half of 2023, more than four (4) years after Proven's last purchase of any products from Paclock.

34.    Admitted that Paclock sold its UCS Locks to 1st-In-Padlocks.com, LLC ("1st-IP ") and that 1st-IP offered UCS Locks for sale on its website. As to the remaining allegations, without knowledge, therefore denied.

35.    Without knowledge, therefore denied.

36.    Admitted that photos of a UCS Lock, which appears to have been intentionally damaged (in the photo on p. 6 of 9), are attached as Exhibit D to the Complaint.

37.    Paclock is not able to discern what Plaintiff intends by the phrases "full faceplate" and "inner slide" and therefore can neither admit nor deny the allegations in this paragraph.

38.    Denied.

39.    Admitted that, on February 2, 2024, "intellectual property counsel for Dynamic Manufacturing Group, LLC" sent a cease and desist letter to LMH, LLC falsely accusing it of infringing U.S. Patent No. 11,427,044 by "using, offering to sell and selling" a UCS Lock.  Without knowledge, therefore denied, as to what LMH, LLC did as a result.  The remaining allegations are denied.

40.    Admitted that Paclock manufactures, markets, offers to sell, and sells its UCS Lock throughout the United States, including in Florida, and that distributors also sell the UCS Lock.

## COUNT I
## BREACH OF CONTRACT BY PACLOCK

41.    Paclock incorporates by reference its responses to paragraphs 1 through 40 above.

42.    Admitted that Paclock executed the NDA with Lee, a copy of which is attached to the Complaint as Exhibit A, which speaks for itself.  Denied all that all the

restrictive covenants in the NDA are valid and further denied that Plaintiffs ever disclosed protectable information to Paclock or Waugh.

43.     The NDA speaks for itself.

44.     Denied and stated that the NDA speaks for itself.

45.     Denied.

46.     Denied and affirmatively stated that the "Provisional Patent" referenced in paragraph 7 of the NDA never existed.

47.     Denied and affirmatively stated that Lee has not suffered any recoverable damages as a result of anything that Paclock did or failed to do.

48.     Denied.

## COUNT II
## VIOLATION OF THE FEDERAL DEFENSE OF TRADE SECRETS ACT

49.     Paclock incorporates by reference its responses to paragraphs 1 through 40 above.

50.     Admitted that Count II purports to assert a claim under the Federal Defend Trade Secrets Act ("DTSA"), but denied any such claim is properly stated or that Defendants violated the DTSA.

51.     Without knowledge, therefore denied.

52.     Without knowledge, therefore denied.

53.     Denied.

54.    Denied and affirmatively stated that Plaintiffs never disclosed, and Defendants never acquired or used, any of Plaintiffs' information that would constitute a protectable trade secret under the DTSA.

55.    Denied and affirmatively stated that neither of Plaintiffs have suffered any recoverable damages as a result of anything that Paclock or Mr. Waugh did or failed to do.

56.    Denied.

57.    Denied.

## COUNT III
## VIOLATION OF THE FLORIDA UNIFORM TRADE SECRETS ACT

58.    Paclock incorporates by reference its responses to paragraphs 1 through 40 above.

59.    Admitted that Count III purports to assert a claim under Florida's Uniform Trade Secrets Act ("FUTSA"), but denied any such claim is properly stated or that Defendants violated the FUTSA.

60.    Admitted for purposes of supplemental jurisdiction only.

61.    Denied and affirmatively stated that Plaintiffs never disclosed, and Defendants never acquired or used, any of Plaintiffs' information that would constitute a protectable trade secret.

62.    The NDA speaks for itself

63.    Denied.

64. Denied and affirmatively stated that Plaintiffs never disclosed, and Defendants never acquired or used, any of Plaintiffs' information that would constitute a protectable trade secret.

65. Denied.

66. Denied and affirmatively stated that neither of Plaintiffs have suffered any recoverable damages as a result of anything that Paclock or Mr. Waugh did or failed to do.

67. Denied.

<u>**PLAINTIFFS' PRAYER FOR RELIEF**</u>

Denied that Lee and Proven are entitled to any of the relief they request.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**First Affirmative Defense**</u>

As set forth in detail in Paclock's Motion to Dismiss [Dkt. #15], Counts I, II, and III of the Complaint each fail to state a claim upon which relief can be granted because each fail to sufficiently identify: (a) the "confidential information" or "Trade Secrets" allegedly misused by Paclock; and (b) how Paclock allegedly used or otherwise misappropriated any of Plaintiffs' supposed "confidential information" or "Trade Secrets".

<u>**Second Affirmative Defense**</u>

Any information that was "confidential" or which constituted a protectable trade secret under the DTSA or FUTSA at the time it was acquired by or disclosed to

Defendants ceased to be confidential or protectable as a trade secret prior to any use or any act alleged to constitute misappropriation by them because any such information was publicly known or readily ascertainable by the public through legitimate methods.

**Third Affirmative Defense**

The restrictive covenants in the NDA, specifically including but not limited to the restrictions in paragraph 7, are invalid, unenforceable, and unlawful restraints of trade under Section 542.335, Florida Statutes.

**Fourth Affirmative Defense**

Plaintiffs failed to take efforts that were reasonable under the circumstances to maintain the secrecy of their alleged trade secrets and confidential information. As a consequence, Plaintiffs' alleged trade secrets and confidential information are not protectable and the alleged misappropriation of by Defendants is not actionable under the DTSA or FUSTA.

**Fifth Affirmative Defense**

Plaintiffs possess unclean hands barring them from entitlement to any equitable relief. Plaintiffs "model 2516" lock merely copied a preexisting trailer coupler lock that was previously marketed and sold by GusHill Industries as the GusHill "model 2516". Plaintiffs were sued by GusHill for patent infringement in a case filed before this Court based, in part, on Plaintiffs' model 2516 lock. Plaintiffs now falsely and improperly allege in this case that Lee "designed, developed, and commercialized" the very lock he copied from GusHill Industries and also falsely and improperly allege that

information regarding the GusHill Industries lock copied by Lee and the potential market created by that lock constitutes Plaintiffs' "confidential information" and trade secrets.

## REQUEST FOR RELIEF AND DEMAND FOR ATTORNEYS' FEES

Paclock respectfully requests that this Court deny Plaintiffs all the relief they request in their Complaint and award to Paclock its reasonable attorneys' fees and costs incurred in connection with this case.

## DEMAND FOR JURY TRIAL

Paclock respectfully requests a trial by jury on all issues so triable.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 8, 2025, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Frank R. Jakes (frankj@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashley Drive, Suite 3100, Tampa, Florida 33602.

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com
valeshire@feejeffries.com

*Lead Trial Counsel for Defendants,*
*Pacific Lock Company, a/k/a Paclock, and*
*Gregory B. Waugh*