UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Ronald Lee II, and Proven
Industries, Inc.,

   CASE NO: 8:24-cv-01667-SDM-UAM

 Plaintiffs,

vs.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

 Defendants.
_____/

**PLAINTIFFS' MOTION TO EXTEND DEADLINE FOR SERVING EXPERT DISCLOSURES AND EXPERT REPORTS**

**MOTION OPPOSED**

Plaintiffs Ronald Lee, II ("Mr. Lee"), and Proven Industries, Inc. ("Proven"), (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 16(b)(4) move to extend the deadline for serving expert disclosures and reports (Docs. 17 & 20) up to and including July 31, 2025 for good cause shown below.

**MEMORANDUM OF LAW**

A. Summary

Pursuant to the Order of this Court (Doc. 20), the deadline for the parties to serve expert disclosure and reports in accordance with Fed. R. Civ. P. 26(a)(2) is

1

June 6, 2025. Plaintiffs intend to rely upon a financial/economic expert to opine regarding Plaintiffs' damages and Defendants' profits resulting from the breach of the Mutual Non-Disclosure Agreement ("MNDA") and the misappropriation of Plaintiffs' trade secrets. Defendants have advised that they are not relying upon any non-rebuttal experts.

To assess, compile, analyze and opine regarding the nature, scope and amount of Plaintiffs' damages and Defendants' profits attributable to the alleged wrongdoing, it is necessary to secure from Defendants their sales documentation and financial records regarding Defendants' sales of their competing product. While Defendants produced certain sales and profit information in late 2024, Defendants refused to supplement this information necessitating additional discovery requests, the timing of which were delayed due to personal circumstances of undersigned counsel.

Defendants' production of responsive documents were served on June 3 & 4, 2025.

### B.  Nature of Case

This is a breach of Non-Disclosure Agreement ("NDA") case coupled with claims of trade secret misappropriation under both the Federal Defend Trade Secrets Act, 18 U.S.C. 1836 and the Florida Uniform Trade Secrets Act, codified at Chapter 688.001 et seq., Florida Statutes, along with a pendant common law

tortious interference claim. The Complaint was filed on July 15, 2024. Due to motion practice, Defendants did not answer the Complaint until February 14, 2025.

Subsequently, on April 25, 2025, with the consent of the Defendants, Plaintiffs amended the Complaint (Doc. 42) to withdraw the pendant claim of tortious interference. Defendants then filed expanded Answers to the Amended Complaint (Doc. 44 & 45) on May 8, 2025. Thus, the operative pleadings have been closed for less than a month.

Meanwhile, the parties have been conducting written discovery and multiple depositions.

### C. Damages Discovery

On September 17, 2024, Plaintiffs' served their Second Request for Production of Documents (Ex. A) seeking among other things: "documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock [the accused competitive product], including but not limited to the price, volume of units and buyer's identity" and "Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock." (Ex. A, Requests Nos. 12 &13). While asserting objections to these Requests (Ex. B), on October 17, 2024, Defendants then, on November 7, 2024, produced a single spreadsheet disclosing certain sales, cost and profit information through September 20, 2024, but no original, supporting

3

documentation.[1]

On February 12, 2025, undersigned counsel communicated with Defendants' counsel requesting that the information regarding sales, costs and profits be supplemented pursuant to Fed. R. Civ. P. 26(e)(1) to bring the discovery current. Defendants disagreed that they had any obligation to supplement this discovery under Rule 22(e)(1).

While disagreeing with Defendants' position on supplementation, undersigned counsel concluded that the path of least resistance was to serve additional discovery requests rather than engage in motion practice. Hence, on April 24, 2025, Plaintiffs served Lee's First Interrogatories (Ex. C) and Plaintiffs' Third Request for Production (Ex. D). Lee's Interrogatory No. 1 asked:

1. Identify all sales of the UCS-77S Heavy-Duty Trailer coupler Lock by: (a) number of units sold: (b) sales price: (c) purchaser; (d) date of sale; (e) gross profit; and (f) net profit.

Requests Nos. 7-10 sought: "All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and buyer's identity" including "cost of goods," "gross profits" and "net profits."

On May 27, 2025, Defendant Paclock answered Interrogatory No 1:

---

[1] Defendants have designated this Spreadsheet as CONFIDENTIAL – ATTORNEYS' EYES ONLY. Thus, it is not attached.

> Pursuant to Rule 33(d), Federal Rules of Civil Procedure, because the answer to this Interrogatory may be determined by examining the documents produced by PACLOCK and the burden of deriving or ascertaining the answer will be substantially the same for either Mr. Lee or PACLOCK, and because Request No. 7 of Plaintiffs' Third Request for Production seeks the documents which provide the information sought in (a), (b), (c), and (d), PACLOCK will produce documents responsive to Request No. 7 of Plaintiffs' Third Request for Production that are within PACLOCK's possession, custody, or control – specifically, invoices. Likewise, pursuant to Rule 33(d), the information responsive to (e) and (f) can be determined by deriving the answer from PacLock 1326 and the documents produced in response to Request No. 7, invoices.

While asserting certain objections to Request No. 7, Defendants agreed to produce responsive documents. However, as to Request 8 (cost of goods), Defendants claim that they have already produced responsive documents in the form of the single spreadsheet produced on November 7, 2024. Defendants deny having any responsive documents regarding their gross or net profits (Request 9 & 10).

Yet, Defendants did not produce any documents on May 27, 2025 related to Plaintiffs' damages claims. Instead, only after undersigned counsel requested an extension to the expert disclosures and reports deadline on June 2, 2025 and further pointed out that no documents had been produced, Defendants produced responsive documents on June 3 & 4, 2025.[2]

### D. Personal Circumstances of Plaintiffs' Counsel

Undersigned counsel is generally loathe to discuss personal circumstances

---

[2] Undersigned counsel was out of State at the time.

in a court filing. However, in this instance it may be necessary to inform the Court as to Plaintiffs' diligence in attempting to secure the necessary damages discovery and information from Defendants in sufficient time to provide to an expert for compliance with Rule 26(a)(2) deadlines.

On March 1, 2025, while a guest at the home of undersigned counsel, my 95 year old aunt fell and suffered a broken hip. Emergency surgery ensued, resulting in an extended hospital stay followed by in-hospital rehabilitation. Sadly, she had a sudden decline and passed away in late March. Because she was from Pittsburgh (where her children reside), primary support, medical liaison and care fell on undersigned counsel.  For all intents and purposes, undersigned counsel was unable to attend to his practice for the month of March.

These unfortunate circumstances exacerbated the delay in serving additional damages discovery.

### E.  Good Cause

Plaintiffs have diligently endeavored to secure discovery necessary to support the opinions and report of a damages expert. The paucity of documentation provided by Defendants coupled with the timing has impeded this effort. To be sure, the production of documents in the last few days prevents Plaintiffs from complying with today's deadline.

Further, there appears to be shortcomings with the discovery responses.

6

Hopefully, respective counsel will be able to resolve these issues; but discovery motion practice may become necessary.

The litigation is still relatively young…less than a year old. No modifications have been previously sought to the CMSO. This requested extension is not sought for purposes of delay and will not prejudice the Defendants. Rather, a reasonable extension of the expert witness disclosures and reports will permit Plaintiffs the opportunity to properly prepare their case and assist the Court in a fair and efficient presentation of the matter to the trier of fact.

## CONCLUSION

For good cause shown, Plaintiffs respectfully request that the deadline for the service of expert disclosures and reports be extended until July 31, 2025.

## Local Rule 3.01(g) Certificate

Undersigned counsel certifies that he has telephonically communicated with counsel for the Defendants regarding the relief requested herein and that Defendants will oppose the Motion.

/s/ Frank R. Jakes
Frank R. Jakes
FB # 372226
JOHNSON POPE BOKOR RUPPEL
& BURNS, LLP
400 N. Ashley Drive, Suite 3100
Tampa, Florida 33602
 (813) 225-2500 / (813) 223-7118 (fax)
Attorneys for Plaintiff
frankj@jpfirm.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the E-Filing Portal, which will send a notice of the electronic filing to the following: Richard E. Fee, Esquire, and Kathleen M. Wade, Esquire, Fee & Jeffries, P.A.,1227 N. Franklin Street, Tampa, FL 33602; rfee@feejeffries.com; kwade@feejeffries.com; bszabo@feejeffries.com;

                                        /s/ Frank R. Jakes
                                        FRANK R. JAKES