# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Ronald Lee, II, and Proven
Industries, Inc.,

        Plaintiffs,        Case No.: 8:24-cv-01667-SDM-UAM

v.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

        Defendants.

_____/

## DEFENDANT, PACIFIC LOCK COMPANY'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS [NOS. 1-31]

Pursuant to Rule 34, Federal Rules of Civil Procedure, Defendant, Pacific Lock Company ("PACLOCK"), hereby responds to the Second Request for Production propounded by the Plaintiffs, Ronald Lee II and Proven Industries, Inc. (collectively, "Plaintiffs"), served on September 17, 2024, as follows:

### GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

A.      PACLOCK objects to the Second Request for Production because it violates Rule 34, Federal Rules of Civil Procedure. Rule 34 states, in relevant part, "[a] party may serve on any other party a request within the scope of Rule 26(b)," and "[t]he party to whom the request is directed must respond in writing." Rule 34 contemplates that a request for production will be served on a single party, not on parties collectively. Here, Plaintiffs served a request for production with the subtitle "**Jurisdictional**" on

both Defendants. Only Defendant, Gregory B. Waugh, moved to dismiss the Complaint for lack of personal jurisdiction.  By serving the Second Request for Production on both Defendants, Plaintiffs apparently hope to conflate PACLOCK's response and document production with Mr. Waugh's response and document production in order to establish that Mr. Waugh is subject to this Court's jurisdiction, which he is not.  PACLOCK consequently serves its own response to Plaintiffs' Second Request for Production and will produce its documents separately, as well.

B.    PACLOCK objects to the Second Request for Production's request that PACLOCK produce documents "within 30 days of service of these requests."  Rule 34, Federal Rules of Civil Procedure requires that only the written response be served within thirty (30) days, not the documents themselves.

C.    PACLOCK objects to the instructions set forth in paragraphs E, G, and H of the Second Request for Production.  Plaintiffs' counsel did not discuss the form of ESI during counsel's case management report planning conference on August 15, 2024. PACLOCK will produce documents and ESI in a PDF format.

D.    PACLOCK objects to the Second Request for Production on the ground that it is temporally overbroad.  The Second Request for Production purports to seek "Jurisdictional" discovery but paragraph J seeks "documents created or acquired since July 1, 2014 through the present." Documents dating back ten (10) years have no bearing on whether this Court presently possesses personal jurisdiction over Mr. Waugh.

Subject to and without waiving these General Objections, PACLOCK responds to the Requests for Production as follows:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All communications between you and Peter Ganjian from April 19, 2019 and December 31, 2020, and from July 15, 2024 to present.

**RESPONSE:**

PACLOCK objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege and/or work product doctrine. PACLOCK additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is also vague and ambiguous because the phrase "from April 19, 2019 and December 31, 2020" makes it impossible to discern what time period covered by the Request. Finally, the Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested. The Request, as written, will yield documents that have no bearing on the issues in the case.

2. All communications between you and any representative of Peter Ganjian from April 19, 2019 and December 31, 2020, and from July 15, 2024 to present.

**RESPONSE:**

PACLOCK objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege and/or work product doctrine. PACLOCK additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is also vague and ambiguous because the phrase "from April 19, 2019 and December 31, 2020" makes it impossible to discern what time period covered by the Request.

Finally, the Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested. The Request, as written, will yield documents that have no bearing on the issues in the case. PACLOCK further objects to the phrase "any representative of Peter Ganjian" on the grounds it is vague, ambiguous, and overly broad.  PACLOCK does not know Mr. Ganjian's "representative" who is the subject of the Request.

      3.     All communications between you and Ronald Lee II.

**RESPONSE:**

PACLOCK previously produced all responsive documents.

      4.     All communications between you and Anthony Sansone.

**RESPONSE:**

PACLOCK has no documents responsive to Request for Production No. 4.

      5.     All communications between your counsel or Peter Ganjian from July 15, 2024 to present.

**RESPONSE:**

PACLOCK objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege.  PACLOCK additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is also vague and ambiguous due to the phrase "All communications between your counsel *or* Peter Ganjian" (emphasis added). PACLOCK interprets the Request to seek "all communications between your counsel *and* Peter Ganjian".  The Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested.  The Request, as written, will yield documents that have no bearing on the issues in the case. Without waiving these objections, PACLOCK will produce its counsel's non-privileged communications with Mr. Ganjian.

6.      All communications between you and Peter Ganjian referencing Ronald

Lee II or Proven Industries, Inc.

**RESPONSE:**

PACLOCK objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege and/or work product doctrine. PACLOCK additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested. The Request, as written, will yield documents that have no bearing on the issues in the case.

7.      All documents used by you in the manufacture of Paclock's UCS-77S

Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

PACKLOCK objects to the Request on the grounds the request for "[a]ll documents" is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. The Request is not tailored or related to the issues in the litigation and the Request, as written, will yield documents that have no bearing on the issue in the case. Plaintiffs are simply conducting a fishing expedition in an attempt to harass PACLOCK.

8.      All design documents relating to Paclock's UCS-77S Heavy-Duty Trailer

Coupler Lock.

**RESPONSE:**

PACKLOCK objects to the Request on the grounds the request for "[a]ll design documents" is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. The Request is not tailored or related to the issues in the litigation and the Request, as written, will yield documents that have no bearing on the issue in the case. Plaintiffs are simply conducting a fishing expedition

in an attempt to harass PACLOCK.

9.      All documents comparing Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock to Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

PACLOCK agrees to produce documents responsive to Request for Production No. 9 to the extent they are within PACLOCK's possession, custody, or control.

10.      Documents sufficient to identify any third-party vendor or subcontractor supplying materials or services in connection with the manufacture of the UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

PACKLOCK objects to the Request on the grounds it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. The Request is not tailored or related to the issues in the litigation and the Request, as written, will yield documents that have no bearing on the issue in the case. Plaintiffs are simply conducting a fishing expedition in an attempt to harass PACLOCK.

11.      Documents reflecting Paclock's quality control of the manufacture of UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

PACKLOCK objects to the Request on the grounds it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. The Request is not tailored or related to the issues in the litigation and the Request, as written, will yield documents that have no bearing on the issue in the case. Plaintiffs are simply conducting a fishing expedition in an attempt to harass PACLOCK.

12.      All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and

buyer's identity.

**RESPONSE:**

PACLOCK objects to the Request on the grounds the request for "[a]ll documents" is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. The Request is not tailored or related to the issues in the litigation and the Request, as written, will yield documents that have no bearing on the issues in the case. Subject to and without waiving these objections, PACLOCK agrees to produce documents sufficient to identify the price and volume of units for the UCS-77S Heavy-Duty Trailer Coupler Lock.

13.  All documents reflecting Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

PACLOCK objects to the Request on the grounds the request for "[a]ll documents" is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. The Request for "all documents" is not tailored or related to the issues in the litigation and the Request, as written, will yield documents that have no bearing on the issues in the case. Subject to and without waiving these objections, PACLOCK agrees to produce documents sufficient to identify the cost of goods for the UCS-77S Heavy-Duty Trailer Coupler Lock.

14.  All communications between you and Peter Ganjian referencing Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

PACLOCK objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege and/or work product doctrine. PACLOCK additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested. The Request, as written, will yield documents that have no bearing on the issues in the case.

15.     All communications between you and Plaintiffs referencing Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

PACLOCK previously produced all documents responsive to Request No. 15.

16.     All communications between you and any third-party referencing Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

PACLOCK previously produced all documents responsive to Request No. 16.

17.     All communications between you and any third-party referencing either of the Plaintiffs.

**RESPONSE:**

PACLOCK previously produced all documents responsive to Request No. 17.

18.     All documents that you contend evidences that the design of the Proven Industries, Inc.'s 2516 Lock was publicly known prior to the execution of the NDA.

**RESPONSE:**

PACLOCK agrees to produce documents responsive to Request No. 18 to the extent they are within PACLOCK's possession, custody, or control.

19.     All documents that you contend evidences that any of the information imparted to you by Plaintiffs regarding the marketability of the Proven Industries, Inc.'s 2516 Lock after the execution of the NDA was publicly known.

8

**RESPONSE:**

Plaintiffs did not impart any information regarding the marketability of the Proven Industries, Inc.'s 2516 Lock to PACLOCK. Thus, PACLOCK has no documents responsive to Request for Production No. 19.

20.    All documents disclosed in Defendants Rule 26(a)(1)(A)(ii) Disclosures.

**RESPONSE:**

PACLOCK agrees to produce documents responsive to Request for Production No. 20 to the extent they are within PACLOCK's possession, custody, or control.

21.    All documents constituting Non-Disclosure Agreements entered into by

Defendants and any third-party.

**RESPONSE:**

PACLOCK objects to the Request on the grounds it does not seek relevant information. Whether or not PACLOCK entered into a non-disclosure agreement with any third party has no bearing on any of the issues in the lawsuit. PACLOCK additionally objects on the ground the request for "[a]ll documents is overly broad and will yield documents that have no bearing on the issues in the case. Plaintiffs are simply conducting a fishing expedition to harass PACLOCK.

22.    All documents reflecting any dispute between Defendants and any third-

party regarding adherence to a Non-Disclosure Agreement.

**RESPONSE:**

PACLOCK has no documents responsive to Request for Production No. 22.

23.    All communications from customers regarding Paclock's UCS-77S

Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

PACLOCK objects on the grounds the Request is overly broad, unduly

9

burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested. The Request, as written, will yield documents that have no bearing on the issues in the case. Plaintiffs are simply conducting a fishing expedition to harass PACLOCK.

24.    If your response to Plaintiffs' First Request for Admission No. 5 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Other than the Request itself, PACLOCK has previously produced documents responsive to Request for Production No. 24.

25.    If your response to Plaintiffs' First Request for Admission No. 6 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Because PACLOCK admitted Request for Admissions No. 6, PACLOCK is not required to produce any documents.

26.    If your response to Plaintiffs' First Request for Admission No. 7 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

PACLOCK responded to Request for Admission No. 7 as follows: "PACLOCK objects to the phrase "certain information" on the grounds it is vague, ambiguous, and overly broad. PACLOCK does not understand what Plaintiffs mean

by "certain information" and thus is unable to admit or deny this request. PACLOCK
also objects on the ground of relevance as only information that Mr. Lee asserted trade
secret protection over is relevant to the claims in the lawsuit."
Other than the Request itself, PACLOCK has no documents responsive to Request for
Production No. 26.

27.    If your response to Plaintiffs' First Request for Admission No. 8 is

anything other than an unequivocal admission without objection, all documents that

support your answer.

**RESPONSE:**

PACLOCK has previously produced all documents responsive to Request for
Production No. 27.

28.    If your response to Plaintiffs' First Request for Admission No. 9 is

anything other than an unequivocal admission without objection, all documents that

support your answer.

**RESPONSE:**

PACLOCK has previously produced all documents responsive to Request for
Production No. 28.

29.    If your response to Plaintiffs' First Request for Admission No. 11 is

anything other than an unequivocal admission without objection, all documents that

support your answer.

**RESPONSE:**

PACLOCK previously produced documents responsive to Request for
Production No. 29.

30.    If your response to Plaintiffs' First Request for Admission No. 12 is

anything other than an unequivocal admission without objection, all documents that

support your answer.

**<u>RESPONSE:</u>**

PACLOCK agrees to produce documents responsive to Request for Production
No. 30 to the extent they are within PACLOCK's possession, custody, or control.

31.     If your response to Plaintiffs' First Request for Admission No. 13 is

anything other than an unequivocal admission without objection, all documents that

support your answer.

**<u>RESPONSE:</u>**

Because PACLOCK admitted Request for Admission No. 13, PACLOCK is
not required to produce any documents.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2024, I served the foregoing via electronic transmission to the following: Frank R. Jakes (frankj@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashle Drive, Suite 3100, Tampa, Florida 33602.

/s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Lead Trial Counsel for Defendants,
Pacific Lock Company a/k/a PACLOCK
and Gregory B. Waugh*

13

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Ronald Lee, II, and Proven
Industries, Inc.,

                Plaintiffs,              Case No.: 8:24-cv-01667-SDM-UAM

v.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

                Defendants.
_____/

## DEFENDANT, GREG WAUGH'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS [NOS. 1-31]

        Pursuant to Rule 34, Federal Rules of Civil Procedure, Defendant, Gregory B. Waugh ("Mr. Waugh"), hereby responds to the Second Request for Production propounded by the Plaintiffs, Ronald Lee II and Proven Industries, Inc. (collectively, "Plaintiffs"), served on September 17, 2024, as follows:

## GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

        A.      Mr. Waugh objects to the Second Request for Production because it violates Rule 34, Federal Rules of Civil Procedure. Rule 34 states, in relevant part, "[a] party may serve on any other party a request within the scope of Rule 26(b)," and "[t]he party to whom the request is directed must respond in writing." Rule 34 contemplates that a request for production will be served on a single party, not on parties collectively. Here, Plaintiffs served a request for production with the subtitle "**Jurisdictional**" on

both Defendants. Only Mr. Waugh moved to dismiss the Complaint for lack of personal jurisdiction. By serving the Second Request for Production on both Defendants, Plaintiffs apparently hope to conflate Mr. Waugh's response and document production with Defendant, Pacific Lock Company's response and document production in order to establish that Mr. Waugh is subject to this Court's jurisdiction, which he is not. Mr. Waugh consequently serves his own response to Plaintiffs' Second Request for Production.

B.     Mr. Waugh objects to the Second Request for Production's request that Mr. Waugh produce documents "within 30 days of service of these requests." Rule 34, Federal Rules of Civil Procedure requires only that the written response be served within thirty (30) days, not the documents themselves.

C.     Mr. Waugh objects to the instructions set forth in paragraphs E, G, and H of the Second Request for Production. Plaintiffs' counsel did not discuss the form of ESI during counsel's case management report planning conference on August 15, 2024.

D.     Mr. Waugh objects to the Second Request for Production on the ground that it is temporally overbroad. The Second Request for Production purports to seek "Jurisdictional" discovery but paragraph J seeks "documents created or acquired since July 1, 2014 through the present." Documents dating back ten (10) years have no bearing on whether this Court presently possesses personal jurisdiction over Mr. Waugh.

Subject to and without waiving these General Objections, Mr. Waugh responds to the Second Request for Production as follows:

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

1.    All communications between you and Peter Ganjian from April 19, 2019 and December 31, 2020, and from July 15, 2024 to present.

**<u>RESPONSE:</u>**

Mr. Waugh does not have any responsive documents.

2.    All communications between you and any representative of Peter Ganjian from April 19, 2019 and December 31, 2020, and from July 15, 2024 to present.

**<u>RESPONSE:</u>**

Mr. Waugh objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege and/or work product doctrine. Mr. Waugh additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is also vague and ambiguous because the phrase "from April 19, 2019 and December 31, 2020" makes it impossible to discern what time period covered by the Request. Finally, the Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested. The Request, as written, will yield documents that have no bearing on the issues in the case. Mr. Waugh further objects to the phrase "any representative of Peter Ganjian" on the grounds it is vague, ambiguous, and overly broad. Mr. Waugh does not know Mr. Ganjian's "representative" who is the subject of the Request. Without waiving these objections, Mr. Waugh does not have any responsive documents.

3.    All communications between you and Ronald Lee II.

**<u>RESPONSE:</u>**

Mr. Waugh does not have any responsive documents.

4.     All communications between you and Anthony Sansone.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

5.     All communications between your counsel or Peter Ganjian from July 15, 2024 to present.

**RESPONSE:**

Mr. Waugh objects to the Request on the grounds it seeks information protected against disclosure by the attorney-client privilege.  Mr. Waugh additionally objects on the grounds the Request is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant documents. "Request for production that request any and all communications are generally considered overbroad and unduly burdensome." *Kearney Partners Fund, LLC v. U.S.,* 2011 U.S. Dist. LEXIS 160486, *9 (M.D. Fla. Dec. 19, 2011). The Request is also vague and ambiguous due to the phrase "All communications between your counsel *or* Peter Ganjian" (emphasis added).  Mr. Waugh interprets the Request to seek "all communications between your counsel *and* Peter Ganjian".  The Request is not tailored or related to the issues in the litigation, and there are no specific areas or document topics requested.  The Request, as written, will yield documents that have no bearing on the issues in the case. Without waiving these objections, Mr. Waugh does not have any responsive documents, but notes that PACLOCK will produce its counsel's non-privileged communications with Mr. Ganjian.

6.     All communications between you and Peter Ganjian referencing Ronald Lee II or Proven Industries, Inc.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

7.     All documents used by you in the manufacture of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

8.     All design documents relating to Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

9.     All documents comparing Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock to Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

10.     Documents sufficient to identify any third-party vendor or subcontractor supplying materials or services in connection with the manufacture of the UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

11.     Documents reflecting Paclock's quality control of the manufacture of UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

12.     All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and

buyer's identity.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

13.    All documents reflecting Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

14.    All communications between you and Peter Ganjian referencing Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

15.    All communications between you and Plaintiffs referencing Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

16.    All communications between you and any third-party referencing Proven Industries, Inc.'s 2516 Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

17.    All communications between you and any third-party referencing either of the Plaintiffs.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

18.    All documents that you contend evidences that the design of the Proven Industries, Inc.'s 2516 Lock was publicly known prior to the execution of the NDA.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

19.    All documents that you contend evidences that any of the information imparted to you by Plaintiffs regarding the marketability of the Proven Industries, Inc.'s 2516 Lock after the execution of the NDA was publicly known.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

20.    All documents disclosed in Defendants Rule 26(a)(1)(A)(ii) Disclosures.

**RESPONSE:**

Mr. Waugh agrees to produce documents responsive to Request for Production No. 20 to the extent documents are within his possession, custody, or control.

21.    All documents constituting Non-Disclosure Agreements entered into by Defendants and any third-party.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

22.    All documents reflecting any dispute between Defendants and any third-party regarding adherence to a Non-Disclosure Agreement.

7

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

23.    All communications from customers regarding Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock.

**RESPONSE:**

Mr. Waugh does not have any responsive documents.

24.    If your response to Plaintiffs' First Request for Admission No. 5 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Other than the Request itself, Mr. Waugh has no responsive documents, but notes that PACLOCK previously produced documents responsive to Request for Production No. 24.

25.    If your response to Plaintiffs' First Request for Admission No. 6 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Not applicable because Mr. Waugh admitted Request for Admissions No. 6.

26.    If your response to Plaintiffs' First Request for Admission No. 7 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Mr. Waugh responded to Request for Admissions No. 7 as follows: "Mr. Waugh objects to the phrase 'certain information' on the grounds it is vague, ambiguous, and overly broad. Mr. Waugh does not understand what Plaintiffs mean by 'certain information' and thus is unable to admit or deny this request.  Mr. Waugh also objects on the ground of relevance as only information that Mr. Lee alleges is confidential or a trade secret is relevant to the claims in the lawsuit."  Other than the Request itself, Mr. Waugh has no documents responsive to Request for Production No. 26.

27.    If your response to Plaintiffs' First Request for Admission No. 8 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Other than the Request itself, Mr. Waugh has no documents responsive to Request for Production No. 27, but notes that PACLOCK previously produced all documents responsive to the Request.

28.    If your response to Plaintiffs' First Request for Admission No. 9 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Other than the Request itself, Mr. Waugh has no documents responsive to Request for Production No. 28, but notes that PACLOCK previously produced all documents responsive to the Request.

29.    If your response to Plaintiffs' First Request for Admission No. 11 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Mr. Waugh has no documents responsive to Request for Production No. 29, but notes that PACLOCK previously produced documents responsive to the Request.

30.  If your response to Plaintiffs' First Request for Admission No. 12 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Mr. Waugh has no documents responsive to Request for Production No. 30, but notes that PACLOCK will produce documents responsive to the Request.

31.  If your response to Plaintiffs' First Request for Admission No. 13 is anything other than an unequivocal admission without objection, all documents that support your answer.

**RESPONSE:**

Not applicable because Mr. Waugh admitted Request for Admission No. 13.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2024, I served the foregoing via electronic transmission to the following: Frank R. Jakes (frankj@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashle Drive, Suite 3100, Tampa, Florida 33602.

/s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Lead Trial Counsel for Defendants,*
*Pacific Lock Company a/k/a PACLOCK*
*and Gregory B. Waugh*