**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Ronald Lee, II, and Proven
Industries, Inc.,

      Plaintiffs,                Case No.: 8:24-cv-01667-SDM-UAM

v.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

      Defendants.
_____/

**PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**RELATED TO AMAZON SALES OF ACCUSED PRODUCTS**

**MOTION OPPOSED (PRESUMED)**

Plaintiffs Ronald Lee, II ("Mr. Lee"), and Proven Industries, Inc. ("Proven"), (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 37 move for an Order Compelling Defendants' production of documents related to Defendants' sales of the accused UCS-77 series of trailer coupler locks Amazon and permitting a confirming subpoena *duces tecum* to be served on Amazon for the reasons set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

A. Summary

The pivotal damage issue in this breach of a Non-Disclosure and Trade

1

Secret misappropriation case is Defendant Paclock's sales of its UCS-77 series trailer hitch coupler locks that were copied from Plaintiffs' trailer hitch coupler locks denominated by Plaintiff Proven as its 2516 and 2178. Defendants initial production of documents in October 2024 pertaining to unit sales, sales revenue and net profits revealed very modest sales. Pursuant to Plaintiffs' Third Request for Production of documents, on June 3 & 4, 2025, Defendants produced purchase orders that – again – reflected very modest sales. On August 7, 2025, the deposition of Defendant Paclock under Rule 30(b)(6) brought Defendants' professed unit sales forward through early August. Again, the disclosed sales information reflected very modest sales.

Plaintiffs have just secured information suggesting that the documents produced and information provided significantly under-reports Defendant Paclock's sales. Using a subscription service known Jungle Scout, Plaintiffs have learned that Defendant Paclock's sales on just Amazon are many multiples more than disclosed in Defendants records and testimony.

B. <u>Nature of Case</u>

This is a breach of Non-Disclosure Agreement ("NDA") case coupled with claims of trade secret misappropriation under both the Federal Defend Trade Secrets Act, 18 U.S.C. 1836 and the Florida Uniform Trade Secrets Act, codified at Chapter 688.001 et seq., Florida Statutes, along with a pendant common law

2

tortious interference claim. The Complaint was filed on July 15, 2024. Due to motion practice, Defendants did not answer the Complaint until February 14, 2025.

Subsequently, on April 25, 2025, with the consent of the Defendants, Plaintiffs amended the Complaint (Doc. 42) to withdraw the pendant claim of tortious interference. Defendants then filed expanded Answers to the Amended Complaint (Doc. 44 & 45) on May 8, 2025. Thus, the operative pleadings have been closed for only three months. Pursuant to the parties' Case Management Report filed on August 19, 2024 (Doc. 17), discovery closes today and all motions to compel must be filed by the end of the day. The Case Management and Scheduling Order has not been amended to extend this deadline previously.

### C. Damages Discovery

On September 17, 2024, Plaintiffs' served their Second Request for Production of Documents (Ex. A) seeking among other things: "documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock [the accused competitive product], including but not limited to the price, volume of units and buyer's identity" and "Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock." (Ex. A, Requests Nos. 12 &13). While asserting objections to these Requests (Ex. B), on October 17, 2024, Defendants then, on November 7, 2024, produced a single spreadsheet disclosing certain sales, cost and profit information through September 20, 2024, but no original, supporting

3

documentation.[1]

On February 12, 2025, undersigned counsel communicated with Defendants' counsel requesting that the information regarding sales, costs and profits be supplemented pursuant to Fed. R. Civ. P. 26(e)(1) to bring the discovery current. Defendants disagreed that they had any obligation to supplement this discovery under Rule 22(e)(1).

While disagreeing with Defendants' position on supplementation, undersigned counsel concluded that the path of least resistance was to serve additional discovery requests rather than engage in motion practice. Hence, on April 24, 2025, Plaintiffs served Lee's First Interrogatories (Ex. C) and Plaintiffs' Third Request for Production (Ex. D). Lee's Interrogatory No. 1 asked:

1. Identify all sales of the UCS-77S Heavy-Duty Trailer coupler Lock by: (a) number of units sold: (b) sales price: (c) purchaser; (d) date of sale; (e) gross profit; and (f) net profit.

Requests Nos. 7-10 sought: "All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and buyer's identity" including "cost of goods," "gross profits" and "net profits."

On May 27, 2025, Defendant Paclock answered Interrogatory No 1:

---

[1] Defendants have designated this Spreadsheet as CONFIDENTIAL – ATTORNEYS' EYES ONLY. Thus, it is not attached.

4

> Pursuant to Rule 33(d), Federal Rules of Civil Procedure, because the answer to this Interrogatory may be determined by examining the documents produced by PACLOCK and the burden of deriving or ascertaining the answer will be substantially the same for either Mr. Lee or PACLOCK, and because Request No. 7 of Plaintiffs' Third Request for Production seeks the documents which provide the information sought in (a), (b), (c), and (d), PACLOCK will produce documents responsive to Request No. 7 of Plaintiffs' Third Request for Production that are within PACLOCK's possession, custody, or control – specifically, invoices. Likewise, pursuant to Rule 33(d), the information responsive to (e) and (f) can be determined by deriving the answer from PacLock 1326 and the documents produced in response to Request No. 7, invoices.

While asserting certain objections to Request No. 7, Defendants agreed to produce responsive documents. However, as to Request 8 (cost of goods), Defendants claim that they have already produced responsive documents in the form of the single spreadsheet produced on November <u>Since</u>7, 2024. Defendants deny having any responsive documents regarding their gross or net profits (Request 9 & 10). Defendants produced responsive documents on June 3 & 4, 2025.[2]

On August 7, 2025, during Defendant Paclock's deposition pursuant to Rule 30(b)(6), Defendant Paclock's President testified regarding sales since June 1, 2026. At that time, he confirmed that sales have been modest. This deposition transcript has yet to be completed.

---

[2] Again, these documents were designated by Defendants as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

D. <u>Discrepencies Discovered</u>

Since Defendants have designated all sales information as CONFIDENTIAL – ATTORNEYS' EYES ONLY, Plaintiffs have not been able to view these documents. However, consistent with the limitations of the Confidentiality Stipulation, undersigned counsel has been able to convey the modest nature of sales, including Defendant Paclock's sales on Amazon.

Thereafter, Plaintiffs have endeavored to independently confirm the relative level of Defendant Paclock's sales of the accused UCS-77 Series products. Plaintiffs have utilized a third-party data compiler known as Jungle Scout  https://www.junglescout.com/ to evaluate Defendant Paclock's Amazon sales. On the relevant products, the Jungle Scout software discloses the following:

1. UCS-77S-BUL-2516, ASIN: B0DLLQPB15



2. UCS-77S-BUL-2178, ASIN B0DLLR1LQ9



3. UCS-77S-UND-2516, ASIN: B0DLLSJ9PB



7

4. UCS-77S-2516, ASIN: B0DLLPQPPL



5. UCS-77S-2178, ASIN: B0DLQRT6GP



Jungle Scout, therefore, reflects Defendant Paclock's Amazon sales at 1043 units and $300,279.70 in gross sales. While the Confidentiality Stipulation prohibits undersigned counsel from disclosing the specific numbers disclosed by

8

Defendants and their documents, there is a glaring discrepancy of more than 1000 units of sales between the two.[3]

Only two possibilities explain such a discrepancy. Either Defendant Paclock has failed to disclose its true sales or Jungle Scout's data is inaccurate. Plaintiff Proven has tested Jungle Scout's software and data against its own Amazon sales and has confirmed that Jungle Scout's results, while not always precisely accurate, are fundamentally correct. Thus, this evidence strongly suggests that Defendants' production and disclosure of sales - particularly on the Amazon platform - has been incorrect and dramatically under-reported.

### E.  Relief Requested

Plaintiffs request that Defendants be compelled to produce full and accurate documents and information reflecting all of Defendant Paclock's sales of its UCS-77 series products within ten (10) days. If Defendants maintain that the production and information provided to date is accurate, Plaintiffs request leave to serve a subpoena *duces tecum* upon Amazon to seek independent confirmation of Defendant Paclock' sales.

---

[3] Plaintiffs will either submit Defendants Invoices under seal or at a hearing on this motion to assist the Court in its determination.

Local Rule 3.01(g) Certificate

Undersigned counsel certifies that – due to the hour (after close of business on Friday on a holiday weekend) - he has not been able to telephonically communicate with counsel for the Defendants regarding the relief requested herein and presumes that Defendants will oppose the Motion. Undersigned counsel will supplement and amend this Certificate on Tuesday, September 2, 2025.

/s/ Frank R. Jakes
Frank R. Jakes
FB # 372226
JOHNSON POPE BOKOR RUPPEL
& BURNS, LLP
400 N. Ashley Drive, Suite 3100
Tampa, Florida 33602
(813) 225-2500 / (813) 223-7118 (fax)
Attorneys for Plaintiff
frankj@jpfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of August, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frank R. Jakes
FRANK R. JAKES
*Attorney for Plaintiffs*

#10998403