# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

        Case No.: 8:24-cv-01667-SDM-UAM

    Plaintiffs,

v.

Pacific Lock Company, a/k/a Paclock,
and Gregory B. Waugh,

    Defendants.

---

**PLAINTIFFS RONALD LEE, II AND PROVEN INDUSTRIES, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

## Jurisdictional

The Plaintiffs, Ronald Lee, II and Proven Industries, Inc. ("**Lee and Proven**"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, serve their Second Request for Production of Documents on the Defendants Pacific Lock Company, a/k/a Paclock ("**Paclock**") and Gregory B. Waugh (collectively, the "**Defendants**"). Lee and Proven request responses and production of documents within 30 days of service of these requests.

## Definitions and Instructions

A.     The terms you and yours shall refer to the Defendants and every one of their directors, officers, agents, attorneys, representatives, and predecessors and successors in interest.

B.     The term document as used herein shall have the fullest meaning permitted under the Federal Rules of Civil Procedure, and refers at least to the following non-exclusive list of items: emails, texts, interoffice messages, correspondence, memoranda, listings, accounts, records of account, ledger sheets, audits, questionnaires, recordings, transcriptions, voice mails, floppy discs, computer printouts, writings, drawings, graphs, charts, photographs, phonographs, videotapes, motion picture film, and any other data, compilation or written or printed material of any kind or character.

C.     The term communication means any written or oral transmission of fact, information, or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails and all other documents as defined herein.

D.     The documents requested shall be produced as they are maintained in the normal course of business.

E.     Documents that are maintained on paper shall be produced as scanned images at 300 DPI resolution, in text searchable PDF format that

represents the full and complete information contained in the original document.

F. Electronically stored information ("**ESI**") includes email and any attachments, word processing documents, spreadsheets, images, PowerPoints, text messages, voice mail, audio and video recordings, and other information normally kept on computers, servers, the cloud, and personal electronic devices.

G. When producing ESI, document images shall be generated from electronic documents in a set of color 300 DPI text searchable PDFs, one PDF file per document, that reflects the full and complete information contained on the original document, together with a load file containing required metadata. In the event a document is redacted, the redacted text shall be withheld for that document.

H. The following sets of files should be produced for all ESI:

    a. Load File:

        i. Each production includes a .dat metadata load file, which is a delimited text file format. The first row of the file contains a list of metadata columns. Each subsequent row contains the metadata for a single document. Each column of each row contains one metadata value, with values encapsulated by a special "quote" character and columns separated by a special "separator" character throughout.

    ii. The load file should use a thorn (þ, ASCII character 231) as a quote character and the special, non-printing character DC4 (ASCII character 20) as a separator.

    iii. First line must contain the column/field names.

    iv. The fields Begin Bates, End Bates, and NativePath must be present.

    v. Each subsequent row must contain the metadata for one document.

    vi. Every row must have the same number of columns/fields (empty values are acceptable).

    vii. Text must be encoded in either ASCII, UTF-8, or UTF-16.

    viii. Load File should be placed in the Data folder of the production in the root directory

b. Extracted Text and OCR Files (.txt files):

    i. A single text file for each document containing all the document's pages, in text.

    ii. Pages separated by form feed character (decimal 12, hex 0x0C).

    iii. Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the document.

      iv. Text and filenames must be encoded in UTF-8.

      v. Files should be placed in the text/ subdirectory

  c. Image Files:

      i. A single 300 DPI, color, text searchable PDF file per document.

      ii. Filenames should be of the form: <Bates num>.pdf, where <Bates num> is the BATES number of the first page of the document.

      iii. Files should be placed in the images/ subdirectory.

      iv. PDFs shall include searchable text embedded in the document.

      v. No other information should be provided in image filenames, including confidentiality status.

      vi. Filenames must be encoded in UTF-8

  d. Native Files:

      i. Filenames must be unique in the production, unless the content is identical.

      ii. The filename must retain the file extension corresponding to the original native format.

      iii. Each filename, including extension, must correspond to the NativePathmetadata field in its corresponding document's row in the load file

      iv. Filenames must be encoded in UTF-8.

      v. Files should be placed in the natives/ subdirectory.

I.    If the attorney/client privilege or any other privilege is claimed as to any of the following document requests, then counsel shall identify the communication, document, event, statement or fact for which the privilege or failure to answer is claimed, shall state with particularity the nature of the claimed privilege or reason for failing to answer and shall set forth the statute, rule, decision or other basis for the assertion of the privilege or failure to answer.

J.    Unless otherwise noted, these requests seek documents created or acquired since July 1, 2014 through the present.

K.    These document requests are continuing in nature pursuant to Rule 26(e)(1). Supplemental answers shall be provided in a timely manner as additional documents are located.

L.    "NDA" shall refer to the Mutual Non-Disclosure Agreement between Plaintiff Lee and Defendant Paclock dated August 25, 2014.

## Requests for Production

1. All communications between you and Peter Ganjian from April 19, 2019 and December 31, 2020, and from July 15, 2024 to present.

2. All communications between you and any representative of Peter Ganjian from April 19, 2019 and December 31, 2020, and from July 15, 2024 to present.

3. All communications between you and Ronald Lee II.

4. All communications between you and Anthony Sansone.

5. All communications between your counsel or Peter Ganjian from July 15, 2024 to present.

6. All communications between you and Peter Ganjian referencing Ronald Lee II or Proven Industries, Inc.

7. All documents used by you in the manufacture of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock.

8. All design documents relating to Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock.

9. All documents comparing Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock to Proven Industries, Inc.'s 2516 Lock.

10. Documents sufficient to identify any third-party vendor or subcontractor supplying materials or services in connection with the manufacture of the UCS-77S Heavy-Duty Trailer Coupler Lock.

11. Documents reflecting Paclock's quality control of the manufacture of UCS-77S Heavy-Duty Trailer Coupler Lock.

12. All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and buyer's identity.

13. All documents reflecting Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock.

14. All communications between you and Peter Ganjian referencing Proven Industries, Inc.'s 2516 Lock.

15. All communications between you and Plaintiffs referencing Proven Industries, Inc.'s 2516 Lock.

16. All communications between you and any third-party referencing Proven Industries, Inc.'s 2516 Lock.

17. All communications between you and any third-party referencing either of the Plaintiffs.

18. All documents that you contend evidences that the design of the Proven Industries, Inc.'s 2516 Lock was publicly known prior to the execution of the NDA.

19. All documents that you contend evidences that any of the information imparted to you by Plaintiffs regarding the marketability of the Proven Industries, Inc.'s 2516 Lock after the execution of the NDA was publicly known.

20. All documents disclosed in Defendants Rule 26(a)(1)(A)(ii) Disclosures.

21. All documents constituting Non-Disclosure Agreements entered into by Defendants and any third-party.

22. All documents reflecting any dispute between Defendants and any third-party regarding adherence to a Non-Disclosure Agreement.

23. All communications from customers regarding Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock.

24. If your response to Plaintiffs' First Request for Admission No. 5 is anything other than an unequivocal admission without objection, all documents that support your answer.

25. If your response to Plaintiffs' First Request for Admission No. 6 is anything other than an unequivocal admission without objection, all documents that support your answer.

26. If your response to Plaintiffs' First Request for Admission No. 7 is anything other than an unequivocal admission without objection, all documents that support your answer.

27. If your response to Plaintiffs' First Request for Admission No. 8 is anything other than an unequivocal admission without objection, all documents that support your answer.

28. If your response to Plaintiffs' First Request for Admission No. 9 is anything other than an unequivocal admission without objection, all documents that support your answer.

29. If your response to Plaintiffs' First Request for Admission No. 11 is anything other than an unequivocal admission without objection, all documents that support your answer.

30. If your response to Plaintiffs' First Request for Admission No. 12 is anything other than an unequivocal admission without objection, all documents that support your answer.

31. If your response to Plaintiffs' First Request for Admission No. 13 is anything other than an unequivocal admission without objection, all documents that support your answer.

Respectfully Submitted,

JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, LLP

/s/ *Frank R. Jakes*
Frank R. Jakes
LEAD COUNSEL
Florida Bar No. 372226
Email frankj@jpfirm.com
Email mday@jpfirm.com
400 North Ashley Drive, Suite 3100
Tampa, FL 33602
Telephone (813) 225-2500
Facsimile (813) 223-7118

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of September 2024, I caused service of a true and correct copy of the foregoing via email to counsel for the Defendants Richard E. Fee at rfee@feejeffries.com, kwade@feejeffries.com and bszabo@feejeffries.com.

/s/ *Frank R. Jakes*
FRANK R. JAKES
*Attorney for Plaintiffs*

#10108480