# EXHIBIT C

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

                                     Case No.: 8:24-cv-01667-SDM-UAM

       Plaintiffs,

v.

Pacific Lock Company, a/k/a Paclock,
and Gregory B. Waugh,

       Defendants.

_____

## PLAINTIFF RONALD LEE, II'S FIRST SET OF INTERROGATORIES TO DEFENDANT, PACIFIC LOCK COMPANY, A/K/A PACLOCK

The Plaintiff, Ronald Lee, II ("**Lee**"), through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 33, serves its First Set of Interrogatories on the Defendant Pacific Lock Company, a/k/a Paclock (the "**Defendant**"). Lee requests responses under oath to every interrogatory within 30 days of service.

### Definitions and Instructions

A.    The terms you and yours shall refer to the Defendant Paclock and every one of its directors, officers, agents, attorneys, representatives, and predecessors and successors in interest.

B.     The term Complaint shall refer to the complaint (Doc. 1) in this action captioned above and pending in the U.S. District Court for the Middle District of Florida with case number 8:24-cv-00483.

C.     The term document as used herein shall have the fullest meaning permitted under the Federal Rules of Civil Procedure, and refers at least to the following non-exclusive list of items: emails, texts, interoffice messages, correspondence, memoranda, listings, accounts, records of account, ledger sheets, audits, questionnaires, recordings, transcriptions, voice mails, floppy discs, computer printouts, writings, drawings, graphs, charts, photographs, phonographs, videotapes, motion picture film, and any other data, compilation or written or printed material of any kind or character.

D.     The term communication means any written or oral transmission of fact, information, or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, documents as defined herein.

E.     If the attorney/client privilege or any other privilege is claimed in whole or in part as to any of the following interrogatories, then counsel shall identify the communication, document, event, statement or fact for which the privilege or failure to answer is claimed, shall state with particularity the nature of the claimed privilege or reason for failing to answer and shall set forth

the statute, rule, decision or other basis for the assertion of the privilege or failure to answer.

F.      Unless otherwise noted, these interrogatories seek information dating from July 1, 2014 through the present.

G.      These interrogatory requests for information are continuing in nature pursuant to Rule 26(e)(1). Supplemental answers shall be provided in a timely manner as additional responsive information is identified.

H.      The term communication means any written or oral transmission of fact, information, or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails and all other documents as defined herein.

I.      "NDA" shall refer to the Mutual Non-Disclosure Agreement between Plaintiff Lee and Defendant Paclock dated August 25, 2014.

<u>LEE'S INTERROGATORIES TO PACLOCK</u>

1.  Identify all sales of the UCS-77S Heavy-Duty Trailer coupler Lock by: (a) number of units sold: (b) sales price: (c) purchaser; (d) date of sale; (e) gross profit; and (f) net profit.


2.  Regarding the NDA:

    (a) Identify the location(s) where you have stored a copy or copies of the NDA. If in printed form, identify the specific file(s) and office location(s); If in electronic

form, identify the specific electronic file name(s) and resident device (e.g., computer, smart phone, Cloud-based platform, Google drive).

(b) Identify each individual who has had access to the NDA in each stored location and the dates that each individual has accessed the NDA.

Respectfully Submitted,

JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP

/s/ *Frank R. Jakes*
Frank R. Jakes
LEAD COUNSEL
Florida Bar No. 372226
Email frankj@jpfirm.com
Email mday@jpfirm.com
400 North Ashley Drive, Suite 3100
Tampa, FL 33602
Telephone (813) 225-2500
Facsimile (813) 223-7118

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of April 2025, I caused service of a true and correct copy of the foregoing via email to counsel for the Defendants Richard E. Fee at rfee@feejeffries.com, kwade@feejeffries.com and bszabo@feejeffries.com.

/s/ *Frank R. Jakes*
FRANK R. JAKES
*Attorney for Plaintiffs*

4

#10679885