# EXHIBIT D

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

        Case No.: 8:24-cv-01667-SDM-UAM

    Plaintiffs,

v.

Pacific Lock Company, a/k/a Paclock,
and Gregory B. Waugh,

    Defendants.

---

## PLAINTIFFS' RONALD LEE, II AND PROVEN INDUSTRIES, INC.'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

### Jurisdictional

The Plaintiffs, Ronald Lee, II and Proven Industries, Inc. ("**Lee and Proven**"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, serve their Second Request for Production of Documents on the Defendants Pacific Lock Company, a/k/a Paclock ("**Paclock**") and Gregory B. Waugh (collectively, the "**Defendants**"). Lee and Proven request responses and production of documents within 30 days of service of these requests.

## Definitions and Instructions

    A.    The terms you and yours shall refer to the Defendants and every one of their directors, officers, agents, attorneys, representatives, and predecessors and successors in interest.

    B.    The term document as used herein shall have the fullest meaning permitted under the Federal Rules of Civil Procedure, and refers at least to the following non-exclusive list of items: emails, texts, interoffice messages, correspondence, memoranda, listings, accounts, records of account, ledger sheets, audits, questionnaires, recordings, transcriptions, voice mails, floppy discs, computer printouts, writings, drawings, graphs, charts, photographs, phonographs, videotapes, motion picture film, and any other data, compilation or written or printed material of any kind or character.

    C.    The term communication means any written or oral transmission of fact, information, or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails and all other documents as defined herein.

    D.    The documents requested shall be produced as they are maintained in the normal course of business.

    E.    Documents that are maintained on paper shall be produced as scanned images at 300 DPI resolution, in text searchable PDF format that

represents the full and complete information contained in the original document.

F. Electronically stored information ("**ESI**") includes email and any attachments, word processing documents, spreadsheets, images, PowerPoints, text messages, voice mail, audio and video recordings, and other information normally kept on computers, servers, the cloud, and personal electronic devices.

G. When producing ESI, document images shall be generated from electronic documents in a set of color 300 DPI text searchable PDFs, one PDF file per document, that reflects the full and complete information contained on the original document, together with a load file containing required metadata. In the event a document is redacted, the redacted text shall be withheld for that document.

H. The following sets of files should be produced for all ESI:

   a. Load File:

      i. Each production includes a .dat metadata load file, which is a delimited text file format. The first row of the file contains a list of metadata columns. Each subsequent row contains the metadata for a single document. Each column of each row contains one metadata value, with values encapsulated by a special "quote" character and columns separated by a special "separator" character throughout.

      ii. The load file should use a thorn (þ, ASCII character 231) as a quote character and the special, non-printing character DC4 (ASCII character 20) as a separator.

     iii. First line must contain the column/field names.

     iv. The fields Begin Bates, End Bates, and NativePath must be present.

      v. Each subsequent row must contain the metadata for one document.

     vi. Every row must have the same number of columns/fields (empty values are acceptable).

     vii. Text must be encoded in either ASCII, UTF-8, or UTF-16.

    viii. Load File should be placed in the Data folder of the production in the root directory

b. Extracted Text and OCR Files (.txt files):

       i. A single text file for each document containing all the document's pages, in text.

      ii. Pages separated by form feed character (decimal 12, hex 0x0C).

     iii. Filenames should be of the form: &lt;Bates num&gt;.txt, where &lt;Bates num&gt; is the Bates number of the first page of the document.

      iv. Text and filenames must be encoded in UTF-8.

      v. Files should be placed in the text/ subdirectory

  c. Image Files:

      i. A single 300 DPI, color, text searchable PDF file per document.

      ii. Filenames should be of the form: <Bates num>.pdf, where <Bates num> is the BATES number of the first page of the document.

      iii. Files should be placed in the images/ subdirectory.

      iv. PDFs shall include searchable text embedded in the document.

      v. No other information should be provided in image filenames, including confidentiality status.

      vi. Filenames must be encoded in UTF-8

  d. Native Files:

      i. Filenames must be unique in the production, unless the content is identical.

      ii. The filename must retain the file extension corresponding to the original native format.

      iii. Each filename, including extension, must correspond to the NativePathmetadata field in its corresponding document's row in the load file

      iv. Filenames must be encoded in UTF-8.

      v. Files should be placed in the natives/ subdirectory.

I. If the attorney/client privilege or any other privilege is claimed as to any of the following document requests, then counsel shall identify the communication, document, event, statement or fact for which the privilege or failure to answer is claimed, shall state with particularity the nature of the claimed privilege or reason for failing to answer and shall set forth the statute, rule, decision or other basis for the assertion of the privilege or failure to answer.

J. Unless otherwise noted, these requests seek documents created or acquired since July 1, 2014 through the present.

K. These document requests are continuing in nature pursuant to Rule 26(e)(1). Supplemental answers shall be provided in a timely manner as additional documents are located.

L. "NDA" shall refer to the Mutual Non-Disclosure Agreement between Plaintiff Lee and Defendant Paclock dated August 25, 2014.

## Requests for Production

1. All documents constituting or reflecting communications between Defendants and Peter Ganjian from February 1, 2024 through March 1, 2024.

2. All internal communications among Defendants related to the ad copy or content appearing on https://www.amazon.com/PACLOCKs-UCS-77S-2516-Trailer-Coupler-Integrated-Stainless Steel/dp/B0DLLPQPPL?source=ps-sl-shoppingads-lpcontext&ref_=fplfs&smid=A1U6YQKFK44Y1J&gQT=1&th=1.

3. All communications between Defendants and any third party regarding or related to the ad copy or content appearing on https://www.amazon.com/PACLOCKs-UCS-77S-2516-Trailer-Coupler-Integrated-Stainless-Steel/dp/B0DLLPQPPL?source=ps-sl-shoppingads-lpcontext&ref_=fplfs&smid=A1U6YQKFK44Y1J&gQT=1&th=1.

4. All internal communications among the Defendants regarding the decision to create the Amazon listing at https://www.amazon.com/PACLOCKs-UCS-77S-2516-Trailer-Coupler-Integrated-Stainless-Steel/dp/B0DLLPQPPL?source=ps-sl-shoppingads-lpcontext&ref_=fplfs&smid=A1U6YQKFK44Y1J&gQT=1&th=1.

5. All communications between Defendants and any third party regarding the decision to create the Amazon listing at https://www.amazon.com/PACLOCKs-UCS-77S-2516-Trailer-Coupler-Integrated-Stainless-Steel/dp/B0DLLPQPPL?source=ps-sl-shoppingads-lpcontext&ref_=fplfs&smid=A1U6YQKFK44Y1J&gQT=1&th=1.

6. All documents reflecting internal protocols for ensuring adherence to any non-disclosure or confidential agreement to which either Defendant is a party.

7. All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and buyer's identity.

8. All documents reflecting Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock.

9. All documents reflecting Paclock's net profits on sales of its UCS-77S Heavy-Duty Trailer Coupler Lock.

10. All documents reflecting Paclock's gross profits on sales of its UCS-77S Heavy-Duty Trailer Coupler Lock.

11. All documents constituting or reflecting communications between you and GusHill Industries.

12. All documents, including but not limited to e-mails internal to Defendant Paclock disseminating or distributing the NDA.

13. All documents, including but not limited to e-mails internal to Defendant Paclock discussing or mentioning the NDA.

14. All documents reflecting compensation or bonuses paid to Defendant Waugh since January 1, 2023.

15. All documents reflecting the creation of the design of the UCS-77S Heavy-Duty Trailer Coupler Lock.

16. All documents reflecting Defendant Paclock's manufacture or assembly of the UCS-77S Heavy-Duty Trailer Coupler Lock.

17. All documents discussing the decision to proceed with the design of the UCS-77S Heavy-Duty Trailer Coupler Lock.

18. All documents discussing the decision to proceed with the manufacture or assembly of the UCS-77S Heavy-Duty Trailer Coupler Lock.

19. All documents discussing the sales or marketing plan for the UCS-77S Heavy-Duty Trailer Coupler Lock.

20. Examples of each and every advertisement for the UCS-77S Heavy-Duty Trailer Coupler Lock.

21. All communications between you and any third-party referencing Proven Industries, Inc.'s 2516 Lock.

22. All communications between you and any seller of the UCS-77S Heavy-Duty Trailer Coupler Lock referencing the UCS-77S Heavy-Duty Trailer Coupler Lock.

23. All communications with any customer referencing the UCS-77S Heavy-Duty Trailer Coupler Lock.

24. All communications between you and Harry Tashjian IV a/k/a the Lock Picking Lawyer referencing: (a) Proven Industries, Inc.; (b) Ron Lee; or (c) Proven Industries, Inc.'s 2516 Lock.

25. All documents evidencing the location of the NDA at Palcock.

26. All documents evidencing the dates and times of access of the NDA at Paclock.

Respectfully Submitted,

JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP

/s/ *Frank R. Jakes*
Frank R. Jakes
LEAD COUNSEL
Florida Bar No. 372226
Email frankj@jpfirm.com
Email mday@jpfirm.com
400 North Ashley Drive, Suite 3100
Tampa, FL  33602
Telephone (813) 225-2500
Facsimile (813) 223-7118

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of April 2025, I caused service of a true and correct copy of the foregoing via email to counsel for the Defendants Richard E. Fee at rfee@feejeffries.com, kwade@feejeffries.com and bszabo@feejeffries.com.

>/s/ Frank R. Jakes
> FRANK R. JAKES
> *Attorney for Plaintiffs*

#10466978