## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Ronald Lee, II, and Proven
Industries, Inc.,

      Plaintiffs,             Case No.: 8:24-cv-01667-SDM-UAM

v.

Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,

      Defendants.
_____/

### PLAINTIFFS' AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO AMAZON SALES OF ACCUSED PRODUCTS

### MOTION OPPOSED

Plaintiffs Ronald Lee, II ("Mr. Lee"), and Proven Industries, Inc. ("Proven"), (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 37 move for an Order Compelling Defendants' production of documents related to Defendants' sales of the accused UCS-77 series of trailer coupler locks generally, as well as specifically those sold on Amazon and permitting a confirming subpoena *duces tecum* to be served on Amazon for the reasons set forth in the following memorandum of law.

### MEMORANDUM OF LAW

#### A. Summary

The pivotal damage issue in this breach of a Non-Disclosure and Trade

1

Secret misappropriation case is Defendant Paclock's sales of its UCS-77 series trailer hitch coupler locks that were copied from Plaintiffs' trailer hitch coupler locks denominated by Plaintiff Proven as its 2516 and 2178. Defendants' initial production of documents in October 2024 pertaining to unit sales, sales revenue and net profits revealed very modest sales. Pursuant to Plaintiffs' Third Request for Production of documents, on June 3 & 4, 2025, Defendants produced purchase invoices that – again – reflected very modest sales. On August 7, 2025, the deposition of Defendant Paclock under Rule 30(b)(6) brought Defendants' professed unit sales forward through early August. Again, the disclosed sales information reflected very modest sales.

Plaintiffs have just secured information suggesting that the documents produced and information provided significantly under-reports Defendant Paclock's sales. Using a subscription service known Jungle Scout, Plaintiffs have learned that Defendant Paclock's sales on just Amazon are many multiples more than disclosed in Defendants records and testimony.

B. <u>Nature of Case</u>

This is a breach of Non-Disclosure Agreement ("NDA") case coupled with claims of trade secret misappropriation under both the Federal Defend Trade Secrets Act, 18 U.S.C. 1836 and the Florida Uniform Trade Secrets Act, codified at Chapter 688.001 et seq., Florida Statutes, along with a pendant common law

2

tortious interference claim. The Complaint was filed on July 15, 2024. Due to motion practice, Defendants did not answer the Complaint until February 14, 2025.

Subsequently, on April 25, 2025, with the consent of the Defendants, Plaintiffs amended the Complaint (Doc. 42) to withdraw the pendant claim of tortious interference. Defendants then filed expanded Answers to the Amended Complaint (Doc. 44 & 45) on May 8, 2025. Thus, the operative pleadings have been closed for only three months. Pursuant to the parties' Case Management Report filed on August 19, 2024 (Doc. 17), discovery closes today and all motions to compel must be filed by the end of the day. The Case Management and Scheduling Order has not been amended to extend this deadline previously.

### C. Damages Discovery

On September 17, 2024, Plaintiffs' served their Second Request for Production of Documents (Ex. A) seeking among other things: "documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock [the accused competitive product], including but not limited to the price, volume of units and buyer's identity" and "Paclock's cost of goods for its UCS-77S Heavy-Duty Trailer Coupler Lock." (Ex. A, Requests Nos. 12 &13). While asserting objections to these Requests (Ex. B), on October 17, 2024, Defendants then, on November 7, 2024, produced a single spreadsheet disclosing certain sales, cost and profit information through September 20, 2024, but no original, supporting

3

documentation.[1]

On February 12, 2025, undersigned counsel communicated with Defendants' counsel requesting that the information regarding sales, costs and profits be supplemented pursuant to Fed. R. Civ. P. 26(e)(1) to bring the discovery current. Defendants disagreed that they had any obligation to supplement this discovery under Rule 22(e)(1).

While disagreeing with Defendants' position on supplementation, undersigned counsel concluded that the path of least resistance was to serve additional discovery requests rather than engage in motion practice. Hence, on April 24, 2025, Plaintiffs served Lee's First Interrogatories (Ex. C) and Plaintiffs' Third Request for Production (Ex. D). Lee's Interrogatory No. 1 asked:

1.  Identify all sales of the UCS-77S Heavy-Duty Trailer coupler Lock by: (a) number of units sold: (b) sales price: (c) purchaser; (d) date of sale; (e) gross profit; and (f) net profit.

Requests Nos. 7-10 sought: "All documents regarding the sales of Paclock's UCS-77S Heavy-Duty Trailer Coupler Lock, including but not limited to the price, volume of units and buyer's identity" including "cost of goods," "gross profits" and "net profits."

On May 27, 2025, Defendant Paclock answered Interrogatory No 1:

---

[1] Defendants have designated this Spreadsheet as CONFIDENTIAL – ATTORNEYS' EYES ONLY. Thus, it is not attached.

> Pursuant to Rule 33(d), Federal Rules of Civil Procedure, because the answer to this Interrogatory may be determined by examining the documents produced by PACLOCK and the burden of deriving or ascertaining the answer will be substantially the same for either Mr. Lee or PACLOCK, and because Request No. 7 of Plaintiffs' Third Request for Production seeks the documents which provide the information sought in (a), (b), (c), and (d), PACLOCK will produce documents responsive to Request No. 7 of Plaintiffs' Third Request for Production that are within PACLOCK's possession, custody, or control – specifically, invoices. Likewise, pursuant to Rule 33(d), the information responsive to (e) and (f) can be determined by deriving the answer from PacLock 1326 and the documents produced in response to Request No. 7, invoices.

While asserting certain objections to Request No. 7, Defendants agreed to produce responsive documents. However, as to Request 8 (cost of goods), Defendants claim that they have already produced responsive documents in the form of the single spreadsheet produced on November 7, 2024. Defendants deny having any responsive documents regarding their gross or net profits (Request 9 & 10). Defendants produced responsive documents on June 3 & 4, 2025.[2]

On August 7, 2025, during Defendant Paclock's deposition pursuant to Rule 30(b)(6), Defendant Paclock's President testified regarding sales since June 1, 2026. At that time, he confirmed that sales have been modest. This deposition transcript has yet to be completed.

---

[2] Again, these documents were designated by Defendants as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

D. <u>Discrepencies Discovered</u>

Since Defendants have designated all sales information as CONFIDENTIAL – ATTORNEYS' EYES ONLY, Plaintiffs have not been able to view these documents. However, consistent with the limitations of the Confidentiality Stipulation, undersigned counsel has been able to convey the modest nature of sales, including Defendant Paclock's sales on Amazon.

Thereafter, Plaintiffs have endeavored to independently confirm the relative level of Defendant Paclock's sales of the accused UCS-77 Series products. Plaintiffs have utilized a third-party data compiler known as Jungle Scout https://www.junglescout.com/ to evaluate Defendant Paclock's Amazon sales. On the relevant products, the Jungle Scout software discloses the following:

1. UCS-77S-BUL-2516, ASIN: B0DLLQPB15



2. UCS-77S-BUL-2178, ASIN B0DLLR1LQ9



3. UCS-77S-UND-2516, ASIN: B0DLLSJ9PB



4. UCS-77S-2516, ASIN: B0DLLPQPPL



5. UCS-77S-2178, ASIN: B0DLQRT6GP



Jungle Scout, therefore, reflects Defendant Paclock's Amazon sales at 1043 units and $300,279.70 in gross sales. While the Confidentiality Stipulation prohibits undersigned counsel from disclosing the specific numbers disclosed by

8

Defendants and their documents, there is a glaring discrepancy of more than 1000 units of sales between the two.[3]

Only two possibilities explain such a discrepancy. Either Defendant Paclock has failed to disclose its true sales or Jungle Scout's data is inaccurate. Plaintiff Proven has tested Jungle Scout's software and data against its own Amazon sales and has confirmed that Jungle Scout's results, while not always precisely accurate, are fundamentally correct. Thus, this evidence strongly suggests that Defendants' production and disclosure of sales - particularly on the Amazon platform - has been incorrect and dramatically under-reported.

## AMENDMENT POST-MEET & CONFER

On September 2, 2025, undersigned counsel spoke with Defendants' lead counsel, Rick Fee, in furtherance of Local Rule 3.01(g)'s meet and confer obligations. E-mail exchanges followed between counsel. This process culminated with the September 4, 2025 e-mail from Defendants' counsel attached as Ex. E ("Defendants' Meet & Confer E-mail.")

Defendants' Meet & Confer E-mail confirms that Defendants failed to disclose all information and documents reflecting Defendant Paclocks' sales of the UCS-77S Heavy Duty Trailer Coupler lock through Amazon. Defendants attempt

---

[3] Plaintiffs will either submit Defendants Invoices under seal or at a hearing on this motion to assist the Court in its determination.

to explain away this failure by saying that Defendants' initial search of their internal sale records missed these Amazon sales since Amazon uses a special product number for Defendants' UCS-77S Heavy Duty Trailer Coupler locks.[4] While Defendants still fail to produce actual Invoices of these missing Amazon UCS-77S Heavy Duty Trailer Coupler Invoices as Defendants elected under Rule 33(d) in their response to Interrogatory No. 1, Defendants have produced a spreadsheet (Paclock 2531) that purports to summarize additional sales of the UCS-77S Heavy Duty Trailer Coupler locks through Amazon.[5]

Defendants belatedly produced spreadsheet does reflect additional Amazon sales, approximately 8X the number previously disclosed. However, this late disclosure still does not reconcile the discrepancy with the data secured through the independent Jungle Scout software. *See Spectrum Prods. LLC v. Jie GAO*, No. CV-21-01407-PHX-DLR, 2024 U.S. Dist. LEXIS 17700 *; 2024 WL 380987 (D. Ariz. January 31, 2024) (Data of Amazon sales reflected in Jungle Scout data used to fix damages in patent infringement case) (Attached as Ex. F). This discrepancy still

---

[4] This explanation is suspect and inconsistent with the fact that – previously - Defendants DID produce a small handful of invoices reflecting sales of their UCS-77S Heavy Duty Trailer Coupler locks sold through Amazon. See PacLock 2112; 2127; 2129; 2152 & 2161. Why would Defendants initial document review find some records of Amazon sales, but not others? Defendants have designated these invoices as HIGHLY CONFIDNETIAL - ATTORNEYS' EYES ONLY; thus, they cannot be attached to this Motion.
[5] Again, Defendants have designated this spreadsheet summary as HIGHLY CONFIDNETIAL -ATTORNEYS' EYES ONLY; thus, it cannot be attached to this Motion.

involves approximately 1000 units of the UCS-77S Heavy Duty Trailer Coupler locks through Amazon.

Perhaps more troubling is Defendants' position in their Meet & Confer E-mail that they are under no obligation to produce documents or provide information for sales of any product other than their UCS-77S-2178 lock. To reach this position, Defendants engage in disingenuous gymnastics.

Defendants argue that Plaintiffs' discovery requests did not define the term "UCS-77S Heavy Duty Trailer Coupler lock." Thus, Defendants argue – for the first time – that the only Exhibit to the Complaint (Ex. C) that depicts one of Defendants' accused products, depicts Paclock's sku UCS-77S-2178-KA. Hence, Defendants reason that Plaintiffs limited their claim to only this particular sku rather than the entire UCS-77S line of Heavy Duty Trailer Coupler locks. Accordingly, Defendants contend that they do not have to provide discovery for any other products in Paclock's UCS-77S product line.

This argument is wrong for many reasons. First, the neither the Complaint nor the Amended Complaint limits Plaintiffs' claims to a single Paclock sku, let alone the UCS-77S-2178 KA. Rather, Ex. C is referenced in the Complaint merely as evidence that Plaintiffs learned of Defendants' wrongdoing through the website of an on-line seller (1st in Padlocks.com). Second, Plaintiffs never limited their discovery to this single sku. Third, Defendants never objected to the term "UCS-

11

77S Heavy Duty Trailer Coupler lock" in response to Plaintiffs' discovery requests. Fourth, Defendants never expressed any confusion regarding the use of the term: "UCS-77S Heavy Duty Trailer Coupler lock." To the contrary, Defendants produced a spreadsheet summary of sales and actual invoices that reflect sales of other UCS-77S Heavy Duty Trailer Coupler lock skus including the more popular UCS-77S-2516. Indeed, prior to this Motion, almost 80% of Paclock's sales disclosed were for skus other than the UCS-77S-2178 KA.

Defendants have known at all times that Plaintiffs' claims included Paclocks entire UCS 77S Heavy Duty Trailer Coupler lock series.[6]

During Defendant Waugh's deposition on Oct. 18, 2024, he was asked:

```
Q.   You have a product that I believe you
     designate USC 772516.
A.   UCS-77-2516.
Q.   My apologies.
A.   Okay

* * *

Q.   UCS-77-2516?
A.   Yes.
Q.   What type of a product is that?
A.   I would consider that to be a trailer coupler
     lock --
Q.   Okay.
A.   -- in its entirety.
```

(Depo. of Waugh, 10/18/2024, pp. 24, lns. 19-23 and 25, lns. 6-12).

---

[6] Even if Defendants have any arguable position that Plaintiffs have waived claims related to UCS 77S Heavy Duty Trailer Coupler locks other than the Paclock UCS-77s-2178 KA sku, these arguments are best addressed by Motions for Summary Judgment, Motions in *Limine,* etc. This is no basis to withhold discovery under Rule 26(b).

Continuing later:

```
Q.   So on September 1, 2020, you write, I didn't
     do a deep dive. Nonetheless, here's what I'm thinking.
     We need two versions. Both are his original gangsters,
     the 2178 and 2516; do you see that?
A.   Yes.
Q.   What are you referring to?
A.   Two products that Proven locks manufactured.
Q.   And at that point, your thinking is that
     PACLOCK should develop those two products?
A.   Yes.
Q.   And did PACLOCK in fact develop those two
     products?
A.   Slightly different variations thereof, but
     yes. Competitive products to those two products.
```

(Depo. of Waugh, 10/18/2024, p. 48, lns. 7-20).

On August 7, 2025, a deposition of Defendant Paclock was conducted pursuant to Rule 30(b)(6). A copy of the Deposition Notice is attached as Ex. G. Defendant Waugh served as Paclock's corporate representative to answer questions, *inter alia*:

1. PACLOCK's costs on a per-unit basis for the UCS-77S Heavy-Duty Trailer Coupler.

2. PACLOCK's sales of its UCS-77S-2516 product from June 1, 2025 to present by unit volume and sales volume.

3. PACLOCK's sales of its UCS-77S-2178 product from June 1, 2025 to present by unit volume and sales volume.

Without objection, Defendant Waugh testified in response to these topics on behalf of Defendant Paclock.

Defendants were fully aware, at all times, that Plaintiffs' claims included all of Defendant Paclock's products in its UCS-77S Heavy-Duty Trailer Coupler lock series.

Defendant Paclock publicly advertises its "77 Series" for Trailer Coupler Storage on its website. https://paclock.com/product_category/rv_and_trailers/ Attached as Ex. H. Paclock's website delineates multiple variations of the 2178 and 2516 locks in its product line. https://paclock.com/product/77-series/ Attached as Ex. I.

To recap, now – post meet & confer – we know additional facts.

- Defendants did NOT produce all invoices reflecting their sales through Amazon of all of its UCS-77S Heavy-Duty Trailer Coupler lock series.

- Defendants' belatedly produced spreadsheet does not provide information as to their sales through Amazon of all of its UCS-77S Heavy-Duty Trailer Coupler lock series; rather only sales of the UCS-77-2178 KA are disclosed.

- There remains a huge discrepancy of approximately 1000 units sold on Amazon of Defendants' UCS-77S Heavy-Duty Trailer Coupler lock series.

- Defendants "dispute" the Jungle Scout data but provide no explanation for the discrepancy and, by withholding documents and information regarding their sales of UCS-77S series locks other than the UCS-77S-2178, Defendants are obstructing any meaningful opportunity to resolve this discrepancy.

## **REQUEST FOR HEARING**

The designation of most of the applicable sales records as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY has severely complicated Plaintiffs' ability to ferret out the issues set forth in this Motion. While Plaintiffs will endeavor to work with Defendants' counsel to either file mutually agreeable non-confidential information or confidential information under seal, Plaintiffs request the opportunity for an in-court hearing at which time the Court can be presented with any of the relevant confidential information to aid in the Court's resolution of this Motion.

### E.  Relief Requested

Plaintiffs request that Defendants be compelled to produce full and accurate documents and information reflecting all of Defendant Paclock's sales of its UCS-77 series products within ten (10) days. Plaintiffs request leave to serve a subpoena *duces tecum* upon Amazon to seek independent confirmation of Defendant Paclock' sales of their UCS-77 series products. Plaintiffs request the Court to enter appropriate sanctions under Rule 37. Plaintiffs request the right to seek such additional relief as might be warranted once compliance with the requested Order Compelling Production has been complied with.

Local Rule 3.01(g) Certificate

Undersigned counsel certifies that he has telephonically and electronically communicated with counsel for the Defendants on multiple occasions regarding the relief requested herein, but that the parties have been unable to resolve the issues presented in this Motion.

/s/ Frank R. Jakes
Frank R. Jakes
FB # 372226
JOHNSON POPE BOKOR RUPPEL
& BURNS, LLP
400 N. Ashley Drive, Suite 3100
Tampa, Florida 33602
(813) 225-2500 / (813) 223-7118 (fax)
Attorneys for Plaintiff
frankj@jpfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Frank R. Jakes*
FRANK R. JAKES
*Attorney for Plaintiffs*

#11009420