# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Ronald Lee, II, and Proven,
Industries, Inc.,**

      **Plaintiffs,**                   Case No.: 8:24-cv-01667-SDM-UAM

v.

**Pacific Lock Company a/k/a Paclock
and Gregory B. Waugh,**

      **Defendants.**
_____/

**DECLARATION OF GREGORY B. WAUGH IN SUPPORT OF
DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AND
INCORPORATED MEMORANDUM OF LAW BY DEFENDANTS,
PACIFIC LOCK COMPANY AND GREGORY B. WAUGH**

    Pursuant to 28 U.S.C. § 1746, I, Gregory B. Waugh, state under penalty of perjury that the following is true:

    1.    I am over the age of 18, sui juris, and make this declaration of my own personal knowledge.

    2.    I am personally familiar with the facts set forth in this Declaration and, if called upon to testify as a witness in the instant action, I could and would be able to competently testify as to the facts herein.

    3.    I am the President and CEO of Defendant, Pacific Lock Company ("PacLock").

4. In August of 2014, I received a copy of the Mutual Non-Disclosure Agreement that is attached as Exhibit B to the Amended Complaint in the action referenced above from Ron Lee for PacLock's execution.

5. Paragraph 7 of the Mutual Non-Disclosure Agreement states: "Recipient shall not directly or indirectly acquire any interest in, or design, create, manufacture, reengineer, sell or otherwise deal with any item or product, containing, based upon or derived from CONFIDENTIAL INFORMATION, PROPRIETARY INFORMATION and information concerning said Provisional Patent except as may be expressly granted by Inventor."

6. PacLock has a policy of respecting the intellectual property rights of others.

7. Because Paragraph 7 referenced a "Provisional Patent," I believed based on that representation that Mr. Lee had a Provisional Patent pending.

8. Because PacLock and I had been working with GusHill Industries ("GusHill") for several years before 2014, supplying puck locks for GusHill's trailer hitch coupler lock and we were very familiar with trailer hitch coupler locks and the industry, I believed that Mr. Lee wanted the Mutual Non-Disclosure Agreement to protect information relating to his Provisional Patent.

9. The representation in the Mutual Non-Disclosure Agreement about the Provisional Patent materially influenced my decision that PacLock would agree to the Mutal Non-Disclosure Agreement and I relied upon the representation in executing the Mutual Non-Disclosure Agreement on behalf of PacLock.

10. Based upon the representation of a Provisional Patent in the Mutual Non-Disclosure Agreement, I executed the Agreement on behalf of PacLock.

11. I would not have executed the Mutual Non-Disclosure Agreement if I knew that the representation of a Provisional Patent in the Agreement was false.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles County, Valencia, California, this 15th day of September 2025.

_____
Gregory B. Waugh