# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Ronald Lee, II, and Proven,
Industries, Inc.,

Case No.: 8:24-cv-01667-SDM-UAM

          Plaintiffs,

v.

Pacific Lock Company, a/k/a Paclock,
and Gregory B. Waugh,

          Defendants.

_____/

## DEFENDANT PACIFIC LOCK COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF LEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIABILITY AS TO COUNT I

Pursuant to Local Rule 3.01, Defendant, Pacific Lock Company, a/k/a PacLock ("PacLock") responds as follows in opposition to Plaintiff Lee's Motion for Partial Summary Judgment of Liability as to Count I [Dkt. No. 57] ("Lee's Motion"):

## I.  INTRODUCTION

The Court should deny Lee's Motion because the Motion: (a) deliberately omits and ignores a key limiting phrase from the provision he claims PacLock breached; (b) fails to establish that any information Lee disclosed to PacLock was protected under the Mutual Non-Disclosure Agreement (the "Agreement") at issue; (c) establishes that PacLock did not use any information protected by the Agreement; and (d) ignores the fact that it is legally impossible for Mr. Lee to have suffered any damages. Finally, Lee's Motion should also be denied because the Agreement is an invalid restraint of trade.

## II. LEE'S MOTION OMITTED UNDISPUTED MATERIAL FACTS

Lee's Motion omits any reference to the following highly relevant and undisputed material facts:

### A. The Agreement

1. Nothing in the Agreement limits its restrictions to information that remains confidential. Amended Complaint, Ex. A.

2. The Agreement lacks any temporal limitations and Mr. Lee intends for its obligations to "last for 100 years" or "indefinitely". *Id.*; Transcript of April 17, 2025, Deposition of Ronald Lee[1], p. 240, lines 3-11; p. 272, lines 17 – 23.

3. Paragraph 7 of the Agreement limits its restrictions to using information relating to a "Provisional Patent", although neither Mr. Lee nor his co-Plaintiff, Proven Industries, Inc. ("Proven"), had a provisional patent. Amended Complaint, Exhibit A, para. 7; Lee Depo, p. 240, line 15 through p. 241, line 8.

4. Mr. Lee disclosed information to PacLock by telephone only, not in writing. Lee Depo, p. 267, line 25 – p. 268, line 3; p. 281, lines 23 – 25.

### B. Mr. Lee Did Not Keep His Disclosed Information Confidential

5. When Mr. Lee "first conceived of the 2516" lock, he provided a sample of it to "someone with a CAD", who was not employed by Proven and who did not have a non-disclosure agreement, to create detailed schematic drawings of that lock. *Id.*, p. 87, line 16 – p. 89, line 23; p. 93, lines 7-13.

---

[1] Cited as "Lee Depo, p. __, line __" and cited portions attached as Exhibit A.

6.	Mr. Lee sent detailed schematic drawings for the 2516 lock to a fabricator without a non-disclosure agreement. *Id.* at p. 90, lines 14 – 25.

7.	Mr. Lee disclosed detailed information about Proven's trailer coupler locks to Anthony Sansone, <u>without a non-disclosure agreement,</u> while Mr. Sansone was an independent contractor from late 2016 until 2018 -- years before any alleged breach by PacLock. *See* Transcript of March 19, 2025, Deposition of Anthony Sansone, p. 16, lines 8-13; p. 20, lines 16-17; p. 76, line 25 – p. 77, line 23.[2]

**C. Proven's 2516 Lock Was Publicly Known No Later Than 2015**

8.	***No later than* May 6, 2013*, GusHill Industries sold a "Model 2516" trailer coupler lock with the same design and components as Proven's 2516 trailer coupler lock* –** more than a year <u>before</u> the Agreement. Lee Depo*,* p. 125, line 20 – p. 127, line 19. The GusHill Model 2516 lock even used a PacLock puck padlock. *Id*.

9.	Proven began selling its 2516 trailer coupler lock in late **2014 or 2015**. *Id.,* p. 131, lines 12 – 13; p. 182, lines 4 – 8.

10.	The Amended Complaint alleges PacLock breached the Agreement by "causing, directing and authorizing Paclock to design, create, manufacture and sell" "a trailer hitch coupler lock" **beginning in late September of 2023**. Amended Complaint, paras. 33, 38.

---

[2] Cited as "Sansone Depo, p. __, line __" and cited portions attached as Exhibit B.

**D. Nothing About Proven's Trailer Coupler Locks is Confidential**

11.     Proven's 2516 and 2178 trailer coupler locks fit over a trailer hitch as shown below in photo excerpts from Exhibit 12 from the Lee Depo:



Lee Depo, p. 130, lines 21-24; p. 133, line 18—p. 134, line 15; p. 157, lines 7-22.

12.     Proven's 2516 and 2178 trailer coupler locks are comprised of the three components: an inner "slide", an outer "shield", and a "puck" padlock that hold the inner slide and outer shield together. Those components are shown below[3]:



Inner "slide"          Outer "shield"          "puck" padlock

Lee Depo, p. 133, line 18 -- p. 135, line 19 and Ex. 8; Amended Complaint, Ex. B.

---

[3] The inner "slide" and outer "shield" figures are from Ex. B to the Amended Complaint, and the "puck" padlock is from Exhibit 8, p. 39 of 44 to the Sansone Depo.

13.     To use Proven's 2516 trailer coupler lock, the three components must first be separated by the user, then put back together on the trailer hitch. Lee Depo, p. 133, line 1 – p. 136, line 21. Thus, any user of Proven's 2516 trailer coupler lock sees all aspects of the three components and how they fit together.

14.     The materials and components of Proven's 2516 trailer coupler lock are readily observable. Lee Depo, p. 237, line 7 – p. 238, line 25; p. 252, lines 11 – 15.

15.     "[S]omeone knowledgeable in fabrication" could look at a Proven trailer coupler lock and both "know how it's made" and fabricate it. Sansone Depo, p. 135, line 21 – p. 136, line 1.

### E. PacLock's Reverse Engineering Used Proven's Locks PacLock Purchased

16.     PacLock used Proven's 2516 and 2178 trailer hitch locks available in the marketplace to reverse-engineer them. August 7, 2025, Deposition of Gregory B. Waugh ("Waugh Depo")[4], p. 54, line 10 – p. 55, line 3; p. 85, lines 2-8.

### F. Mr. Lee Has Not Suffered Any Damages

17.     Mr. Lee, individually, does not have any lost profits because he has not sold any lock products. Lee Depo (Confidential portion)[5], p. 6, lines 14-17.

### III.    SUMMARY JUDGMENT STANDARD

A summary judgment movant must show "there is no genuine issue as to any material fact" and that it "is entitled to judgment as a matter of law." *Celotex Corp. v.*

---

[4] The cited excerpts from the Waugh Depo are attached hereto as Exhibit C.
[5] The cited excerpt from the confidential portion of the Lee Depo is attached hereto as Exhibit D. The parties agreed in writing that the cited question and answer are <u>not</u> confidential.

*Catrett,* 477 U.S. 317, 322 (1986). "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). "[A] complete failure of proof concerning an essential element of [plaintiffs'] case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

## IV. ARGUMENT

Lee's Motion argues that "PacLock breached paragraph 7 of the [Agreement]" by reverse-engineering "Proven's 2516 and 2178 Products." Motion, pp. 10-12. Lee's Motion also asserts ***only in a footnote*** that PacLock breached the Agreement by using Mr. Lee's statement that he jacks up prices because Proven's "customers are dumb". *Id.*, p. 12, footnote 2. For a myriad of reasons, all of which are discussed below, Lee's Motion must be denied.

### A. Nothing In Lee's Motion Shows PacLock Breached Paragraph 7

1. Lee's Motion Omits a Key Limiting Phrase in Paragraph 7.

Lee's Motion repeatedly and intentionally (through use of ellipses) omits the phrase "***and information concerning said Provisional Patent***" when quoting Paragraph 7 of the Agreement.[6] The reason is clear – Mr. Lee testified in his deposition that **there was no Provisional Patent when the MNDA was executed**. Lee Depo, p. 240, line

---

[6] The repeated intentional omission of this limiting phrase evidences Mr. Lee's bad faith in continuing to assert Count I and moving for summary judgment on it. Only once, on page 4, does the entirely of Paragraph 7 appear in Mr. Lee's Motion.

15 through p. 241, line 8. The entirety of Paragraph 7 of the Agreement states:

> 7. Recipient shall not directly or indirectly acquire any interest in, or design, create, manufacture, reengineer, sell or otherwise deal with any item or product, containing, based upon or derived from the CONFIDENTIAL INFORMATION, PROPRIETARY INFORMATION *and* *information concerning said Provisional Patent*, except as may be expressly agreed to in writing by Inventor.

(Emphasis added).

Paragraph 7 is open to only two interpretations, each of which is fatal to Mr. Lee's claim in Count I. One interpretation is that the prohibition is on using all three (3) types of information listed information: (a) "CONFIDENTIAL INFORMATION"; (b) "PROPRIETARY INFORMATION"; *and* (c) "**information concerning said Provisional Patent.**" Because the word "**and**" is unambiguously conjunctive, in order to breach Paragraph 7, PacLock would need to use all three types of information. The second interpretation is that the prohibition is only limited to activities "based on or derived from" information concerning "said Provisional Patent", regardless of whether that information is "Confidential", "Proprietary" or any other information.

Under either interpretation it is legally impossible for PacLock to have breached Paragraph 7 of the Agreement. The reason is simple and uncontested. Mr. Lee testified, there never was a "Provisional Patent":

Q. So what provisional patent is being referred to in paragraph 7?

A. **There wasn't a provisional patent**.

Lee Depo, p. 241, lines 6-8. For this reason, the Court should deny Lee's Motion.

2. <u>Nothing Shows Mr. Lee Disclosed Protected Information to PacLock.</u>

Nothing in Lee's Motion establishes that Mr. Lee disclosed to PacLock any information protected under the Agreement. Lee's Motion never identifies, let alone proves, ***what***, ***how***, or ***when*** Mr. Lee disclosed to PacLock, which information PacLock then used to "reverse-engineer" Proven's 2516 and 2178 Products.

Lee's Motion is damningly silent on the issue of "**<u>what</u>**" information Mr. Lee disclosed to PacLock. This omission is more than curious. It is fatal. One would expect Lee's Motion to both identify and provide proof of the information that Mr. Lee allegedly disclosed to PacLock. Lee's Motion does neither. Without identification and proof of Lee's disclosure of protected information to PacLock, no basis exists for the Court to determine whether such information was protected against use by PacLock under the Agreement, let alone conclude that the Agreement was breached.

Mr. Lee's Declaration [Dkt. #56-2] filed in support of his Motion is grossly insufficient to support entry of summary judgment. The only disclosure mentioned in Mr. Lee's declaration is a single sentence about Proven's 2516 trailer coupler lock, to which Lee's Motion does not bother to cite:

> 7. After Paclock signed the MNDA, I disclosed the 2516 trailer coupler lock to Greg Waugh, President of Paclock.

Dkt. #56-2, p. 3. Nothing in Lee's Motion mentions or evidences Mr. Lee's disclosure of a 2178 lock.

Nothing in Mr. Lee's Declaration states or even suggests that "the 2516 trailer coupler lock" he disclosed was protected "confidential" or "proprietary" information under the Agreement.  Nor could it be. Mr. Lee admitted in his deposition that Proven began selling the 2516 trailer coupler lock in late **2014 or 2015**. Lee Depo*, p. 131, lines 12 – 13; p. 182, lines 4 – 8. Information about a product on sale is not "confidential" or "proprietary" – it is public. *See e.g., Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998); *My Mavens, LLC v. Grubhub, Inc.,* 2023 WL 5237519, *19 (S.D.N.Y. Aug. 14, 2023).

Critically, neither Lee's Motion nor Mr. Lee's Declaration identify or provide any proof as to "**when**" Mr. Lee "disclosed the 2516 trailer coupler lock to Greg Waugh, president of Paclock." Lee's Motion is silent as to when the disclosure occurred and Mr. Lee's Declaration merely states the disclosure was "[a]fter Paclock signed the MNDA". Neither mentions, let alone proves, how long "after Paclock signed the MDNA" the disclosure occurred. This is critical given that Proven began selling the 2516 trailer coupler lock in late 2014 or early 2015 and PacLock's alleged breach did not occur until almost 9 years later in 2022 or 2023. *See* Lee's Motion, p. 7; Amended Complaint, paras. 33, 38.

Lee's Motion is also silent on "**how**" Mr. Lee supposedly disclosed the 2516 tailer coupler lock to PacLock. No documentary evidence exists of any disclosure of any information by Mr. Lee to PacLock because Mr. Lee disclosed all information **orally** to PacLock. Lee Depo, p. 267, line 25 – p. 268, line 3; p. 281, lines 23 – 25.

### 3. Lee's Motion Establishes PacLock Did *Not* Breach Paragraph 7.

Lee's Motion asserts that PacLock breached Paragraph 7 of the Agreement by "reverse-engineering Proven's 2516 and 2178 products." Lee's Motion, p. 12. Critically, Lee's Motion never asserts (say nothing of proves) that PacLock used any of Mr. Lee's "Confidential Information" or "Proprietary Information" to reverse-engineer Proven's 2516 and 2178 products.

Lee's Motion *disproves* a breach of Count I. The Motion admits that PacLock reverse-engineered Proven's 2516 lock by using "a copy" of it and never asserts how PacLock reverse-engineered Proven's 2178 lock:

> **Paclock acquired a copy of Proven's 2516 trailer coupler lock and reverse-engineered it** and made a 3D software model used to make assembly drawings for Paclock's UCS-77S-2516 product. Paclock also reverse engineered Proven's 2178 to create Paclock's UCS-77S-2178.

Lee's Motion, p. 6 (emphasis added). It is uncontested that PacLock used Proven's 2516 and 2178 trailer hitch locks available in the marketplace to reverse-engineer them. Waugh Depo, p. 54, line 10 – p. 55, line 3; p. 85, lines 2-8.

Thus, the uncontested evidence establishes that PacLock did **not** use Mr. Lee's "Confidential Information" or "Proprietary Information" to reverse-engineer Proven's 2516 and 2178 products. Rather, that evidence shows PacLock used the commercially available Proven 2516 and 2178 locks themselves to reverse-engineer those products. Because PacLock did not use Mr. Lee's "confidential" or "proprietary" information to reverse-engineer Proven's 2516 and 2178 products, doing so did not breach Paragraph 7 of the Agreement. For this reason as well, Lee's Motion must be denied.

### 4. Mr. Lee's Motion Ignores His Lack of Damages.

In reciting the elements for a breach of contract claim, Lee's Motion ignores an essential element – damages. This omission appears deliberate. Lee's Motion cites to this Court's January 24, 2025, Order [Dkt. #37] and *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009), in reciting the elements for a breach of contract claim. Lee's Motion, p. 9. Both the Order and *Vega* include three (3) elements – the last of which is "that the plaintiffs sustained damages because of the breach." Yet, Lee's Motion recites only the first two (2) elements and **omits** the element of damages.

Lee's Motion likely omits any mention of damages because Mr. Lee has no damages. Mr. Lee, individually, has never sold any lock products. Lee Depo (Confidential portion), p. 6, lines 14-17. As such, he cannot have been damaged by PacLock's sale of lock products.

Without any proof Mr. Lee suffered damages, Lee's Motion must be denied.[7]

### B. The Footnote Argument In Lee's Motion About Paragraph 4 Fails

Lee's Motion resigns to a footnote on page 12 its statement that PacLock breached the Agreement by "use of Proven's 'technical and commercial information' within the meaning of Paragraph 4" ("Lee's Footnote Argument"). Lee's Motion, p. 12, footnote 2. Paragraph 4 of the Agreement states in its entirety:

> This Agreement applies to both technical and commercial information communicated by either party.

---

[7] It is difficult to understand how this point alone does not establish Mr. Lee's bad faith in maintaining Count I, let alone moving for summary judgment on that claim.

*See Id.*, Ex. A [Dkt. #57-1, p. 2]. The sole evidence cited in support of Lee's Footnote

Argument is one sentence taken from an email sent by Mr. Waugh to Mr. Lee stating:

> Remember how you told me on multiple occasions how you jack up your
> prices because your customers are dumb?

Lee's Motion, p. 12, footnote 2.

Lee's Motion claims that Mr. Lee's repeated statements that he jacks up his

prices because his "customers are dumb" ("Lee's My Customers Are Dumb

Statements") is "Mr. Lee's commercial information."[8] *Id.* Lee's Footnote Argument

then asserts (without any proof) that ***Mr. Waugh*** (not PacLock) "is using Mr. Lee's

commercial information in his decision to compete with ***Proven*** to harm ***Proven's***

business model." *Id.* (Emphasis added). Lee's Footnote Argument is absurd and

cannot have been made in good faith.

First, Lee's Footnote Argument expressly focuses on Mr. Waugh's conduct (not

PacLock's) and harm to Proven (not to Mr. Lee). As such it has no relevance to a

claim by Mr. Lee against PacLock.

Second, Lee's Footnote Argument merely asserts ***without evidence*** that Lee's My

Customers Are Dumb Statements were both treated by Mr. Lee and communicated to

PacLock as being Mr. Lee's (not Proven's) protected "commercial information".

Finally, Lee's Motion provides ***no proof*** or even an explanation of how PacLock

(or even Mr. Waugh) used Lee's My Customers Are Dumb Statements in supposed

---

[8] In so doing, Mr. Lee admits that he, in fact, did jack up his prices because he believes
that his "customers are dumb."

breach of Paragraph 7.

Noting in Lee's Footnote Argument supports entry of summary judgment for Mr. Lee on Count I. The only action supported by Lee's specious Footnote Argument would be a finding of bad faith.

**C. The Agreement is an Invalid Unenforceable Restraint of Trade**

Lee's Motion uses three (3) full pages in an effort to convince the Court that the Agreement is not an invalid and unenforceable restraint of trade. Lee's Motion, pp. 12-14. None of Mr. Lee's arguments are persuasive and all should be rejected. The Court should find that the Agreement, which does not protect any legitimate business interest of Mr. Lee and which lacks any temporal limitations is an illegal restraint of trade and violates Section 542.33, Florida Statutes.

1. The Agreement is a Restrictive Covenant under Section 542.33.

The Agreement's "confidentiality" and "noncompetition" restrictions in Paragraphs 2 and 7, respectively, make it a restrictive covenant under Section 542.335, Florida Statutes. As stated by the court in *Rauch, Weaver, Norfleet, Kurtz & Co., Inc. v. AJP Pine Island Warehouses, Inc.*, 313 So. 2d 625 (Fla. 4th DCA 2021) in applying Section 542.335 and denying a plaintiff's motion for summary judgment:

> [T]he term "restrictive covenants" includes all contractual restrictions upon competition, such as ***noncompetition***/nonsolicitation **agreements**, ***confidentiality agreements***, exclusive dealing agreements, and all other contractual restraints of trade. (Emphasis added).

*Id.* at 630, quoting *Henao v. Prof'l Shoe Repair, Inc.*, 929 So. 2d 723, 726 (Fla. 5th DCA 2006). The law on this point is clear and the cases above were cited in Defendants'

Dispositive Motion for Summary Judgment [Dkt. #50], filed almost two weeks **before** Lee's Motion was filed.

Despite the clarity of this case law and Mr. Lee's notice of it, Lee's Motion argues the Agreement is not governed by Section 542.335, Florida Statutes. Lee's Motion, p. 12. The citation in Lee's Motion to *US Thrillrides, LLC v. Intamin Amusement Rides Int. Corp. Est.*, 767 F. Supp. 3d 1331 (M.D. Fla. 2025) is inapposite. That decision never mentions Section 542.335 or analyzes whether the contract at issue is a restrictive covenant. The *Rauch* and *Henao* decisions control this issue.

2. The Standard for Enforcing a Restrictive Covenant.

A plaintiff asserting the breach of a restrictive covenant must do more than prove a simple breach of contract. "When a breach-of-contact action is based upon enforcement of a restrictive covenant, however, **the plaintiff must plead and prove additional elements to establish that the restrictive covenant is a valid restraint of trade.**" *Rauch,* 313 So. 2d at 630 (emphasis added). To be an enforceable restrictive covenant under Section 542.335, Florida Statutes: (1) the Agreement must be "set forth in a writing signed by the person against whom enforcement is sought"; (2) the party seeking to enforce the restrictive covenant "*shall plead and prove* the existence of one or more legitimate business interests justifying the restrictive covenant"; and (3) the party seeking to enforce the restrictive covenant "*shall plead and prove* that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction." *Id.* (emphasis in original).

Section 542.335(1) requires restrictive covenants, such as the Agreement, to be "***reasonable in time***, area, and line of business. . . . ***Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable***." Section 542.335(1)(b), Florida Statutes (emphasis added).

       3.  <u>The Amended Complaint Fails to Plead the Agreement is a Valid Restraint of Trade.</u>

The Amended Complaint fails to ***plead*** the elements needed to establish that the Agreement is a valid restraint of trade. Specifically, the Amended Complaint fails to plead that "the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction." Thus, it fails the pleading required to prevail on Count I. *See Rauch*, 313 So. 2d at 630. Mr. Lee's pleading failure is unsurprising given his apparent misconception that the Agreement is not a restrictive covenant.

       4.  <u>Lee's Motion Fails to Prove the Agreement is Valid</u>.

Lee's Motion fails to ***prove*** that the Agreement is a valid restraint on trade under Section 542.335, Florida Statutes. This Mr. Lee cannot do because the Agreement's restrictions on PacLock: (a) are not necessary to protect Lee's ***legitimate*** business interests and (b) lack any temporal limitations.

The Agreement does **<u>not</u>** protect any legitimate business interest of Mr. Lee. First, Mr. Lee does not sell any locks. Lee Depo (Confidential portion), p. 6, lines 14-17. Thus, Mr. Lee's business interests are not implicated by PacLock's reverse-engineering of Proven's locks. Lee's Motion does **<u>not</u>** present any argument -- let alone

offer any proof – of how the Agreement protects any legitimate business interest of Mr. Lee who is not in the lock-selling business. Despite this fact, Lee's Motion seeks entry of summary judgment precluding PacLock from selling locks that compete with locks sold by Proven (not Mr. Lee).

Second, the Agreement does not protect Mr. Lee's supposed "confidential" information at issue. Mr. Lee sent detailed drawings and even a sample of the supposedly "confidential" Proven's 2516 trailer coupler lock to multiple people not under any confidentiality obligation long before PacLock's alleged use of that information many years later. Lee Depo, p. 87, line 16 – p. 89, line 23; p. 90, lines 14 – 25; p. 93, lines 7-13. Moreover, when Proven began selling its 2516 trailer coupler lock in late 2014 or early 2015 (*Id.*, p. 131, lines 12 – 13; p. 182, lines 4 – 8), that lock was no longer "confidential" because its materials and components are readily observable. *Id.,* p. 237, line 7 – p. 238, line 25; p. 252, lines 11 – 15.

Lee's Motion does not attempt to justify why barring PacLock from using *publicly available information* in 2022 or 2023 furthers a legitimate business interest of Mr. Lee. Rather, Lee's Motion asserts that such information was "a trade secret at the time of disclosure". Lee's Motion, p. 14. The supposed secrecy at the time of disclosure is irrelevant. In Count I, Mr. Lee alleges PacLock breached the Agreement by using information in 2022 or 2023 that Mr. Lee and Proven publicly disclosed many years before any alleged use by PacLock. Doing so would not further any legitimate business interest of Mr. Lee and would be an invalid restraint of trade in violation of Section 542.335, Florida Statutes.

Given that the Agreement does not further any legitimate business interest of Mr. Lee, it is "void and unenforceable" and the Court should deny Lee's Motion for this reason as well. *See Blue-Grace Logistics LLC v. Fahey*, 653 F. Supp. 3d 1172, 1178–79 (M.D. Fla. 2023) (granting summary judgment for defendants on plaintiff's breach of restrictive covenant claims), *appeal dismissed*, No. 23-10623-GG, 2023 WL 3691014 (11th Cir. Apr. 12, 2023).

The lack of any temporal limitations also renders the Agreement invalid. Lee testified that he intended for the Agreement's restrictions to "last for 100 years" or "indefinitely". Lee Depo, p. 240, lines 3-11; p. 272, lines 17 – 23. Because the Agreement is infinite in duration and intended by Mr. Lee to be so, it is invalid and unenforceable under Florida law. *See* Section 542.335(1), Florida Statutes.

Lee's Motion asks the question: "Why should a party who learns of another party's product be permitted to copy the product for use in the marketplace notwithstanding the NDA?" Lee's Motion, p. 13. The answer is "because the law permits it." The Uncontested Evidence shows that PacLock reverse-engineered Proven's 2516 and 2178 locks ***using products on sale to the public***. Nothing about those Proven products was confidential or protected by intellectual property rights. Anyone in the world is entitled to do what PacLock did – reverse-engineer and sell them.

## V.    CONCLUSION

Lee's Motion should never have been filed. No basis exists for entry of summary judgment in favor of Mr. Lee as to Count I. Rather, the above analysis makes clear the opposite is true. Summary judgment should be entered in favor of PacLock and against

Mr. Lee on Count I as Defendants argued in their Dispositive Motion for summary Judgment [Dkt. #50]. This Court should deny Lee's Motion in its entirety and sanction Mr. Lee for his bad faith in maintaining Claim I and asserting the Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2025, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Frank R. Jakes (frankj@jpfirm.com, mday@jpfirm.com, pattit@jpfirm.com), JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 North Ashley Drive, Suite 3100, Tampa, Florida 33602.

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com
valeshire@feejeffries.com

*Lead Trial Counsel for Defendants,*
*Pacific Lock Company a/k/k PacLock,*
*and Gregory B. Waugh*